IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

vs.                                                                  Criminal No. 09-05

CHRISTINA MARIE KORBE

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION REGARDING PROPOSED GROUPING METHODOLOGY FOR RESPONDING TO DEFENDANT'S PRETRIAL MOTIONS**

Comes now the defendant, Christina Marie Korbe, by her attorneys, Jay T. McCamic and Caroline M. Roberto, and respectfully files her Response To Government's Motion Regarding Proposed Grouping Methodology For Responding To Defendant's Pretrial Motions and states as follows:

1. Defendant has no objection to the suggested methodology as stated in paragraphs #3, #4, and #5 of the government's proposal.

2. Defendant does object to the government's proposal in paragraph #6.

3. The Defendant's Motions as described in paragraph #6 are each separate matters that were filed separately for the reason that discovery issues and *Brady* issues are the issues most often raised by appellate courts on direct appeal and in *habeas* matters.

**DISCUSSION**

*Brady* and related issues are particularly troublesome and are often not taken seriously by some prosecutors. *Brady* includes any evidence that would tend to undermine confidence in a guilty verdict or sentencing judgment, such as evidence negating guilt or undermining the credibility of government witnesses. Of particular concern is the failure to recognize *Brady* obligations at the investigating agent level or

the casting aside or even destruction of exculpatory statements or materials at the investigating agent level or higher because they do not assist the authorities in getting a conviction.

These types of problems, though long recognized by legal commentators and courts, have not traditionally been a priority of law enforcement and prosecutors. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972). *Arizona v. Youngblood*, 488 U.S. 51 (1988); *see also, U.S. v. Cooper*, 983 F.2d 928 (9th Cir. 1993) (indictment dismissed where government acted in bad faith when it destroyed the defendants' chemical laboratory equipment); *U.S. v. Bohl,* 25 F. 3d 904 (10th Cir. 1994) (indictment dismissed when government found to have acted in bad faith by destroying allegedly defective goods produced by defendants under contract for government).   Additionally se*e, Kyles v. Whitley*, 514 U.S. 419 (1995); and Joseph R. Weeks' "No Wrong Without a Remedy: The Effective Enforcement of the Duty of Prosecutors to Disclose Exculpatory Evidence," 22 Okla. City U.L. Rev. 833 (1997).

Whether this situation is due to the competitive nature of criminal prosecutions where "winning" is often defined as getting a conviction, or whether the situation is due to lack of training, it is clear that lack of attention to the necessities of full *Brady* and other disclosures has reached a level that the Attorney General himself has focused on the issue.

In January of this year, in response to some well- publicized discovery/*Brady* failures by federal prosecutors, the Attorney General convened a working group to explore the Department's policies, practices, and training related to criminal case management and discovery.

*See, United States v. Stevens*, Cr. No. 08-321 (D.D.C. Apr. 7, 2009) (Order,

Docket 375) (dismissal of a U.S. senator's conviction); *Cone v. Bell*, 492 U.S. 743 (2009) remand by the Supreme Court in a death penalty case for a potential resentencing; *United States v. Jones*, Cr. No. 07-10289 (D. Mass. Feb. 27, 2009) voluntary dismissal of a gun charge carrying a 15-year mandatory minimum sentence and; *United States v. W.R. Grace*, CR-05-07-M-DWM (D. Mont. May 8, 2009),(Order) in which, but for an acquittal, the government faced the potential dismissal of a long-running federal prosecution in Montana for alleged environmental violations.  A recurring theme relating to the lack of attention to the constitutional rights of defendants has had courts take the unusual action of appointing a special prosecutor to investigate possible criminal charges against the prosecution team,  *See, Stevens, supra*, (Docket 375), ordering  the institution of a mandatory training program on discovery in criminal cases, and ordering the local U.S. Attorney to report back on the government's progress, if any, in making efforts to prevent nondisclosure by federal prosecutors.

      The Deputy Attorney General issued three memoranda regarding criminal discovery practices including a memorandum to all prosecutors containing guidance regarding criminal discovery that prosecutors should follow to help assure that they meet discovery obligations in future cases. These memoranda are available on the Department of Justice website at http://www.justice.gov/dag/dag-memo.html, http://www.justice.gov/dag/dag-to-usas-component-heads.html, and the Guidance Memorandum is located at http://www.justice.gov/dag/discovery-guidance.html. The assistant attorney general's memorandum to component-heads, *supra* puts the focus on:

> ...recurring issues such as: the timing of disclosures; disclosure of reports of interview for testifying or non-testifying witnesses; providing disclosure beyond the requirements of Fed.R.Crim.P 16 and 26.2, *Brady*, *Giglio*, the Jencks Act, and USAM §9-5.001; the scope of the "prosecution team" in national security cases or cases involving regulatory agencies, parallel proceedings, or task force investigations; storing and reviewing substantive, case-related communications such as email; obtaining *Giglio* information from local law enforcement officers; disclosure questions related to trial preparation witness interviews; disclosure of agent notes; and maintaining a record of disclosures. I encourage you to seek input from investigative agencies regarding these issues as well. (citations omitted)

Attorney General Eric Holder noted the positive effect of these new guidelines, saying:

> The Department of Justice's responsibility is not just to win cases, but to do justice. Along with the increased training for prosecutors we have already instituted, these new guidelines will ensure that we strive to meet that standard every day and in every case.

The guidance memorandum notes:

> There are times when providing discovery broader than that required even by current Department policy serves the interests of justice. Providing broad and early discovery often promotes the truth-seeking mission of the Department and fosters a speedy resolution of a case. On the other hand, there are times when countervailing considerations counsel against broad and early disclosure. For these reasons, the discovery guidance is intended to assure that prosecutors make considered decisions about whether to disclose information beyond the requirements of law and policy and when to disclose it.

Approximately a month later, on Thursday, February 18, 2010, Attorney General Holder addressing the Department of Justice National Symposium on Indigent Defense, "Looking Back, Looking Forward, 2000–2010," in Washington, D.C. stated:

> Although they may stand on different sides of an argument, the prosecution and the defense can, and must, share the same objective: Not victory, but justice. Otherwise, we are left to wonder if justice is truly being done, and left to wonder if our faith in ourselves and in our systems is misplaced.

The defendant submits that this is not a case were "countervailing considerations" such as national security concerns or the like weigh against providing disclosures "broader than that required even by current Department policy." This is a case in which and FBI agent lost his life and emotions are particularly strong.  This case is precisely the case where careful, *individualized* investigation into *Brady, Giglio*, and other discovery concerns is necessary.

    Wherefore, the Defendant requests that the Motions listed in paragraph #6 of the Government's Response at Docket 144 each be separately investigated and responded to under the requirements of the law and the direction of Attorney General Holder as described above.

    Respectfully submitted,

By: *s/ Jay T. McCamic*
Jay T. McCamic, Esquire
Pa. I.D. No. 67881
McCamic, Sacco, Pizzuti & McCoid, PLLC
56-58 Fourteenth Street
P.O. Box 151
Wheeling, West Virginia 26003
(304) 232-6750
(304) 232-3548 (Fax)
jtmccamic@mspmlaw.com

Caroline M. Roberto, Esquire
Pa. I.D. No.  41524
5th  Floor, Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 391-4071
(412) 391-1190 (Fax)
croberto@choiceonemail.com

Attorneys for Christina Marie Korbe

Dated: April 11, 2010