```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
         v.                   )   Criminal No. 09-05
                              )
CHRISTINA MARIE KORBE         )
```

GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S
MOTIONS REQUESTING NOTICE OF THE GOVERNMENT'S
<u>INTENTION TO USE UNCHARGED MISCONDUCT EVIDENCE</u>

AND NOW comes the United States of America, by its attorneys, Robert S. Cessar, Acting United States Attorney for the Western District of Pennsylvania, and Troy Rivetti, Linda L. Kelly, and Donovan J. Cocas, Assistant United States Attorneys for said district, and files the following omnibus response to defendant's Motion Requesting Notice Pursuant to Federal Rules of Evidence 404, 405, 406, 407 and 408 (Doc. No. 40), and Motion to Compel the Government to Provide Defendant With a Statement of Uncharged Misconduct Evidence (Doc. No. 98):

Defendant requests an "order compelling the government to provide [her] with a statement containing the nature, dates and places of occurrences of any crimes, wrongs, or acts other than those specified in the Indictment that the government will offer in evidence at trial, along with the purpose for which the government will seek to admit such evidence." <u>See</u> Doc. No. 98, p. 1.

Rule 404(b) of the Federal Rules of Evidence provides that "upon request by the accused, the prosecution in a criminal case

shall provide reasonable notice in advance of trial ... of the general nature of any ... evidence [of other crimes, wrongs, or acts] it intends to introduce at trial." Fed. R. Evid. 404(b). "Evidence of other crimes, wrongs or acts ... may ... be admissible ... for [certain] purposes, such as [proof of] motive, opportunity, *intent*, preparation, plan, *knowledge*, identity, or *absence of mistake or accident*." United States v. Boone, 279 F.3d 163, 187 (3d Cir. 2002) (quoting Fed. R. Evid. 404(b); emphasis in Boone).

At present, the United States is aware of (and intends to present evidence of) the defendant's involvement in an insurance fraud scheme with her husband. In particular, the Korbes informed law enforcement that while they were on vacation in Florida in August of 2008, their home purportedly had been burglarized. The Korbes submitted an insurance claim in connection with this "burglary" and their alleged loss of a custom built motorcycle and several pieces of equipment and tools. The defendant, in her post-arrest interview, claimed that this burglary was one of the reasons that she was fearful and that she believed an unlawful intruder was trying to gain entry into her home on November 19, 2008.

At trial, the United States will present evidence that this "burglary" did not occur, that Christina Korbe was aware that no burglary had occurred, and that the purported August 2008 break-in at the Korbe residence actually was part of an insurance fraud scheme committed by Robert and Christina Korbe. This evidence is probative of the defendant's mental state (including her knowledge,

motive and intent), her consciousness of guilt, and to rebut her claim of self defense.

With the exception of the aforementioned insurance fraud scheme, the government, at this time, has not yet identified all of the "other" acts by defendant that it will seek to introduce at trial pursuant to Rule 404(b). The government is aware of the requirement under Rule 404(b) to provide such notice, however, and will do so at least two weeks prior to trial. Courts which have addressed the issue have held that two weeks notice is more than adequate under the Rule. See, e.g., United States v. Perez-Tosta, 36 F.3d 1552, 1560-63 (11th Cir. 1994) (six days notice adequate); United States v. Kern, 12 F.3d 122, 124 (8th Cir. 1993) (notice fourteen days prior to trial is sufficient under FRE 404(b)); United States v. French, 974 F.2d 687, 694-95 (6th Cir. 1992) (government provided one week notice of prior bad acts (drug transaction) in narcotics prosecution arising from traffic stop; "We find no abuse of discretion on the notification aspect of [defendant's] objections. There was ample opportunity before trial to prepare for the consequences of this damaging evidence."); United States v. Giampa, 904 F. Supp. 235, 283 (D.N.J. 1995) ("There was no support for [defendants'] request for immediate notification of what, if any, FRE 404(b) evidence the Government intended to offer at trial."; motion for immediate notification denied, and government ordered to provide Rule 404(b) notice two weeks prior to trial); United States v. Wei, 862 F. Supp. 1129,

1134 (S.D.N.Y. 1994) (government directed to provide Rule 404(b) notice two weeks prior to trial); United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993) (ten business days prior to trial adequate notice); United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992) (creating general ten-day rule for pretrial notice of Rule 404(b) evidence; "By receiving notice of the general nature of 404(b) evidence ten days before trial, surprise is avoided and the defendant has an adequate opportunity to challenge the admissibility of the information.").[1]

The evidence the government wishes to offer at trial may well change as the proof and possible defenses crystallize. Thus, the appropriate time for resolution of Rule 404(b) admissibility issues normally is at trial. See United States v. Saada, 212 F.3d 210,

---

[1] Accord United States v. Velasquez, 1997 WL 414132, *5 (S.D.N.Y. July 23, 1997) ("The Government has suggested that two weeks prior to the commencement of trial, it will provide [Rule 404(b) notice]. This portion of the motion requires no further discussion because two weeks provides 'reasonable notice.'"); United States v. Rios, 1997 WL 356476, *1 (E.D. Pa. June 20, 1997) (Rule 404(b) notice to be provided one week prior to trial); United States v. Thomas, 1996 WL 210076, *2 (N.D. Ill. April 26, 1996) ("In the present case, the government shall disclose, two weeks prior to trial, any 404(b) evidence that it reasonably believes it is likely to present at trial."); United States v. Lester, 1995 WL 656960, *15 (S.D.N.Y. Nov. 8, 1995) ("The Government shall make every effort to provide the Court and the defense with its proposed similar act evidence no later than a week prior to trial."); United States v. Gutierrez-Flores, 1994 WL 558034, *3 (S.D.N.Y. Oct. 11, 1994) ("The government avers that its present intention is not to introduce ... at trial any similar act evidence within the meaning of Rule 404. In the event the government's present inclination changes, the government is directed to comply with the mandate of Rule 404(b) by providing such notice within ten (10) days before trial or 'during trial if the court excuses pretrial notice on good cause shown.'").

4

224 n.15 (3d Cir. 2000) ("Consistent with the language of Rule 404(b), virtually all such issues are raised pretrial, and the evidentiary subtleties are discussed other than before the jury. However, often the full context of Rule 404(b) evidence may not be evaluated until all evidence has been presented, following which the jury may be carefully instructed as to the limited way in which the evidence may be considered."); Giampa, 904 F. Supp. at 284 ("Generally, objections as to the admissibility of prior bad acts under FRE 404(b) are properly asserted during trial, not at the pretrial stage." (citing Luce v. United States, 469 U.S. 38, 41 (1984) ("A reviewing Court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context.")); United States v. Eisenberg, 773 F. Supp. 662, 685 (D.N.J. 1991); and United States v. Vastola, 670 F. Supp. 1244, 1268 (D.N.J. 1987) (it would be "unduly speculative" to rule on the admissibility of "other acts" evidence before hearing the factual context at trial)).

For the foregoing reasons, at least two weeks prior to trial, the United States will inform the defendant of "the general nature of any such evidence" that the government intends to admit pursuant to Rule 404(b) of the Federal Rules of Evidence.

Finally, defendant's motions also cite Rules 405, 406, 407, 408 and 609 of the Federal Rules of Evidence. See Doc. Nos. 40, 98. The government is unaware of any legal authority requiring

pretrial notice of a party's intention to seek admission of evidence pursuant to Rules 405, 406, 407 and 408, and defendant has failed to cite any such authority.  Rule 609, on the other hand, pertains to "Impeachment by Evidence of Conviction of Crime."  To the best of the government's knowledge, defendant Korbe does not have any prior criminal convictions.

In any event, at present, the United States does not intend to seek to admit any evidence pursuant to Rules 405, 406, 407, 408 and 609 of the Federal Rules of Evidence.

>
> Respectfully submitted,
>
> ROBERT S. CESSAR
> Acting United States Attorney
>
>
> s/Troy Rivetti
> Troy Rivetti
> Assistant U.S. Attorney
> U.S. Post Office & Courthouse
> Suite 4000
> Pittsburgh, PA  15219
> (412)644-3500 (Phone)
> (412)644-2645 (Fax)
> Troy.Rivetti@usdoj.gov
> PA ID No. 56816
>
>
> s/Linda L. Kelly
> LINDA L. KELLY
> Assistant U.S. Attorney
> U.S. Post Office & Courthouse
> Suite 4000
> Pittsburgh, PA  15219
> (412)644-3500 (Phone)
> (412)644-2645 (Fax)
> Linda.Kelly@usdoj.gov
> PA ID No. 21032

```
                              s/Donovan J. Cocas
                              DONOVAN J. COCAS
                              Assistant U.S. Attorney
                              U.S. Post Office & Courthouse
                              Suite 4000
                              Pittsburgh, PA  15219
                              (412)644-3500 (Phone)
                              (412)644-2645 (Fax)
                              Donovan.Cocas@usdoj.gov
                              PA ID No. 203831
```