IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-05 |
| | ) | |
| CHRISTINA MARIE KORBE | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
PRESERVE, INSPECT, EXAMINE, AND INDEPENDENTLY TEST
<u>ALL PHYSICAL EVIDENCE AND NOTICE TO PRODUCE</u>

AND NOW comes the United States of America, by its attorneys, Robert S. Cessar, Acting United States Attorney for the Western District of Pennsylvania, and Troy Rivetti, Linda L. Kelly, and Donovan J. Cocas, Assistant United States Attorneys for said district, and files the following response to defendant's Motion to Preserve, Inspect, Examine, and Independently Test All Physical Evidence and Notice to Produce (Doc. No. 96):

Defendant requests the Court "to order the prosecution to preserve and produce certain items of physical evidence in its possession and control collected by the Government in the investigation of this case for continued inspection and future testing, if needed, by the defendant's counsel and/or their designated experts." <u>See</u> Doc. No. 96, p. 1. The motion lists 12 specific items (<u>id.</u>, p. 2), and concludes by requesting the Court to order the Government to "preserve and ultimately produce all the items of physical evidence described herein immediately," to "allow the defendant the right to have an expert examine, inspect, conduct

scientific tests on, and photograph the items produced," to "order the Government to make continuing disclosure of all additional items of physical evidence obtained by the Government concerning the investigation of this case," to "set this motion down for an evidentiary hearing, if necessary," and to "grant any other relief that is just and proper under the circumstances." Id., p. 3.

The United States does not disagree with the fundamental premise of defendant's motion: that the physical evidence in this case should be preserved, and that defendant is entitled (to the extent possible and/or practicable) to inspect, examine and independently test evidence. In addition, the United States believes that, in the event that defendant requests access to and/or independent testing of a particular item, the parties most probably will be able to reach agreement and make appropriate arrangements for access to and/or testing of the item.

The United States, however, cannot blindly agree to the entry of an Order containing the proposed relief requested in defendant's motion. The evidence in this case includes contraband (drugs, firearms, etc.), biological evidence (including DNA samples), and the like. Appropriate safeguards and protocols must be implemented in order to assure the preservation, safe-keeping, and integrity of the evidence.

Finally, the United States specifically objects to requested Item No. 7 in defendant's motion ("All notes, writing, memoranda and letters made by the state as part of the evidence in this

case."). This request is vague, seemingly over-broad, and beyond the scope of pretrial discovery. See Fed. R. Crim. P. 16(a)(2), **Information Not Subject to Disclosure** ("Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500.").

WHEREFORE, for the foregoing reasons, the United States requests that this Court **DENY WITHOUT PREJUDICE** defendant's motion (Doc. No. 96). In the event that defendant requests access to and/or independent testing of a particular item, and the parties are unable to reach agreement and make appropriate arrangements for access to and/or testing of the item, defendant may file a motion with the Court at that time.

    Respectfully submitted,

    ROBERT S. CESSAR
    Acting United States Attorney

    s/Troy Rivetti
    Troy Rivetti
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    Suite 4000
    Pittsburgh, PA 15219
    (412)644-3500 (Phone)
    (412)644-2645 (Fax)
    Troy.Rivetti@usdoj.gov
    PA ID No. 56816

<div style="margin-left: 50%;">

s/Linda L. Kelly
LINDA L. KELLY
Assistant U.S. Attorney
U.S. Post Office & Courthouse
Suite 4000
Pittsburgh, PA  15219
(412)644-3500 (Phone)
(412)644-2645 (Fax)
Linda.Kelly@usdoj.gov
PA ID No. 21032


s/Donovan J. Cocas
DONOVAN J. COCAS
Assistant U.S. Attorney
U.S. Post Office & Courthouse
Suite 4000
Pittsburgh, PA  15219
(412)644-3500 (Phone)
(412)644-2645 (Fax)
Donovan.Cocas@usdoj.gov
PA ID No. 203831

</div>