IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| | ) Criminal No. 09-05 |
| v. | ) |
| | ) |
| CHRISTINA MARIE KORBE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are DEFENDANT'S MOTION TO DISMISS COUNT NINE ON CONSTITUTIONAL GROUNDS PURSUANT TO *DISTRICT OF COLUMBIA v. HELLER* (Document No. 87), with brief in support (Document No. 88), DEFENDANT'S MOTION TO DISMISS COUNT FOUR AS FAILING TO STATE AN OFFENSE (Document No. 89), and DEFENDANT'S MOTION RE: DUPLICITOUS/MULTIPLICITOUS PLEADINGS (Document No. 108). The government has filed responses in opposition to the motions (Document Nos. 153, 155) and the motions are ripe for disposition.

Factual and Procedural Background

This criminal case arose out of the tragic shooting of FBI special agent Samuel Hicks on November 19, 2008. On that date, Hicks and other law enforcement officers were attempting to execute an arrest warrant for Robert Ralph Korbe at the family home, which he shared with his wife, Christina Korbe ("Defendant" or "Korbe") and their two young children.

On January 8, 2009, the grand jury returned a four-count indictment against Christina Korbe, the sole Defendant in Criminal Action No. 09-05. The indictment charged that she:

Count I: with malice aforethought, did kill Samuel Hicks, special agent of the FBI, while he was engaged in his official duties, in violation of 18 U.S.C. §§ 1111 and 1114;

Count II: knowingly and by means and use of a deadly or dangerous weapon (a Taurus revolver), did forcibly assault, resist, oppose, impede, intimidate, and interfere with Samuel Hicks, special agent of the FBI, while he was engaged in his official duties, in violation of 18 U.S.C. §§ 111(a)(1) and (b);

Count III: knowingly did use and carry and discharge a firearm (a Taurus revolver), during and in relation to a crime of violence, that being the murder and assault of Samuel Hicks as alleged in Counts I and II, and knowingly did possess said firearm in furtherance of said crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (iii); and

Count IV: did aid and abet the possession of a firearm (a Taurus revolver), by a convicted felon, that is, her husband, Robert Ralph Korbe, in that on or about November 19, 2008, Robert Ralph Korbe, after having been convicted of three drug-related felony offenses in state court, did knowingly possess the Taurus revolver, in violation of 18 U.S.C. §§ 2, 922(g)(1) and 924(e).

On March 19, 2009, the government filed a Superseding Indictment that added five additional charges against Korbe, alleging that:

Count V: from 1990-2008, she conspired with persons known and unknown to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846;

Count VI: on November 19, 2008, she knowingly, intentionally and unlawfully possessed with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2;

Count VII: on November 19, 2008, she knowingly, intentionally and unlawfully possessed with intent to distribute a quantity of [powder] cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2;

Count VIII: on November 19, 2008, she knowingly used, carried and discharged a firearm (a Taurus revolver), during and in relation to a drug trafficking crime – namely, the offenses charged in Counts 5-7, and possessed said firearm in furtherance of said drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and (iii); and

Count IX: on November 19, 2008, as an unlawful user of a controlled substance – namely, cocaine and vicodin – she knowingly possessed in and affecting interstate commerce a firearm (a Taurus revolver), in violation of 18 U.S.C. § 922(g)(3).

The Superseding Indictment seeks forfeiture of the Korbe family home, in addition to the forfeiture of the Taurus revolver sought in the original Indictment.

In the pending motions, Defendant argues: (1) that Count IX of the Superseding Indictment should be dismissed because the underlying statute, 18 U.S.C. § 922(g)(3), violates the right to bear arms protected by the Second Amendment to the United States Constitution; (2) that Count IV of the Superseding Indictment should be dismissed for failure to state an offense, in that Robert Korbe's inability to lawfully possess a firearm did not prevent Defendant from lawfully possessing a firearm; and (3) that Counts I, II, and III are multiplicitous, in that they

expose her to multiple punishment for essentially the same conduct. The government contends that each of the counts set forth in the Superseding Indictment is proper.

Legal Analysis

Defendant seeks dismissal of various counts of the Superseding Indictment pursuant to Fed. R. Crim. P. 12(b)(3). In *United States v. Kemp*, 500 F.3d 257 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit summarized the relevant standard for evaluating the sufficiency of an indictment:

> We deem an indictment sufficient so long as it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. Moreover, no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.

*Id.* at 280 (citations and internal quotations omitted). In evaluating a motion to dismiss pursuant to Fed. R. Crim. P. 12(b)(3), courts must accept the factual allegations as true and consider the sufficiency of the indictment as a matter of law. *United States v. McGeehan*, 584 F.3d 560, 565 (3d Cir. 2009). "The sufficiency of an indictment may be challenged not only on the basis that it fails to charge the essential elements of the statutory offense, but also on the ground that "the specific facts alleged ... fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Id.* (citation omitted). The Court will address Defendant's challenges to Counts IX, IV and I-III of the Superseding Indictment seriatim.

A. Count IX

Count IX charges that it was unlawful for Christina Korbe to possess a firearm due to her alleged unlawful use of controlled substances, namely cocaine and vicodin. Defendant challenges the constitutionality of the underlying statute, 18 U.S.C. § 922(g)(3), which provides:

> It shall be unlawful for any person– . . . (3) who is an unlawful user of or addicted

3

to any controlled substance (as defined in section 102 of the Controlled
Substances Act (21 U.S.C. 802)) . . .to ship or transport in interstate or foreign
commerce, or possess in or affecting commerce, any firearm or ammunition; or to
receive any firearm or ammunition which has been shipped or transported in
interstate or foreign commerce.

Defendant's argument is based on the recent decision of the United States Supreme Court in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), which held that the Second Amendment protects a fundamental, albeit not unlimited, individual right to keep and bear arms. *Id.* at 2799. Defendant also incorporates the rationale set forth by the dissent in *United States v. Herrera*, 313 F.3d 882, 885-91 (5th Cir. 2002) (en banc, DeMoss, J., dissenting). Defendant argues that the constitutionality of Section 922(g)(3) must be subjected to strict scrutiny because it infringes on the "core right" protected in the Second Amendment, namely the inherent right of defending one's family in the family home. Defendant also contends that Section 922(g)(3) is unduly vague, in that the determination of whether a person is an "unlawful user" of a controlled substance is neither defined nor easily ascertained. Defendant asserts that the "unlawfulness" is particularly vague in this case, as the government will attempt to meet its burden by showing that Korbe exaggerated her pelvic pain symptoms in order to obtain prescriptions for vicodin from her treating physicians. Defendant also contends that the statute is not narrowly drawn, in that its public safety purpose could be fulfilled by prohibiting firearm possession only by persons who are "under the influence" of drugs.

The government, in response, notes that every court to have examined Section 922(g)(3) in the wake of *Heller* has rejected the arguments set forth by Defendant. In particular, the government points to the express language in *Heller* regarding the continued validity of certain restrictions as to possession of firearms:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

128 S. Ct. at 2816-17. In a footnote, the Supreme Court explained that it had identified "these

4

presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." *Id.* at 2817 n.26. The government argues that the public safety-based restriction in Section 922(g)(3) is vastly different from the total ban on handguns that was at issue in *Heller*.

The Court agrees with the government and with every other court which has considered this issue. *Heller* has determined that regulatory measures such as Section 922(g)(3) are presumptively lawful regardless of the level of scrutiny applied.[1] Even if the language quoted from *Heller* is dicta, it is directly on point and highly persuasive and will be followed. In *United States v. Cheeseman*, 600 F.3d 270, 279-80 (3d Cir. 2010), the Court of Appeals for the Third Circuit recently upheld a conviction under Section 922(g)(3), and explained that "§ 922(g) "simply strikes at the possession of firearms by the wrong kind of people." At this stage of the case, Count IX will not be dismissed based on the constitutional challenge to § 922(g)(3) and Defendant's motion will be denied. Defendant's arguments regarding the quantum of proof that must be provided in order to establish a conviction under Count IX will be reserved until the evidentiary record is more fully developed.[2]

B.  Count IV

Defendant is charged at Count IV of the Superseding Indictment with aiding and abetting the possession of a firearm by her husband, Robert Korbe. Defendant avers that the government

---

[1] As of the date of this Memorandum Opinion and Order, the United States Court of Appeals for the Third Circuit has not issued a decision and opinion in *United States v. Marzzarella*, 3d Cir. Docket No. 09-3185, which may determine the appropriate level of scrutiny to be applied in Second Amendment constitutionality cases.

[2] The Court notes that in *United States v. Augustin*, 376 F.3d 135, 138-39 (3d Cir. 2004), the Court of Appeals held that Section 922(g)(3) required a temporal nexus between the drug use and the firearm possession.

will pursue a "constructive possession" theory based on traditional domestic cohabitation. Nevertheless, Defendant contends that she remained entitled to lawfully possess the firearm and cannot be held responsible for Robert Korbe's intent to exercise constructive possession. In support of her argument, defense counsel cites to letters from the Bureau of Alcohol, Tobacco and Firearms ("ATF") regarding possession of firearms by persons who reside with convicted felons. Defendant requests a hearing "to further determine the government's position" and to present evidence regarding the ATF letters. Finally, Defendant "incorporates" her arguments regarding her Second Amendment right to possess a firearm for the protection of her home and family as set forth in her challenge to Count IX of the Superseding Indictment.

The government contends that Defendant's motion to dismiss Count IV is meritless and/or a premature challenge to the sufficiency of the evidence. The government correctly recites that motions to dismiss must be based on the four corners of the indictment, not evidence outside of it, such as ATF letters. *United States v. Vitullo*, 490 F.3d 314, 321 (3d Cir. 2007). In addition, the government disputes the characterization and impact of those ATF letters, and argues that a person must store a firearm in such a way that a co-habitating convicted felon cannot exercise dominion or control over the firearm. The government represents that its proof on Count IV will focus on the actions and intent of Defendant, rather than that of Robert Korbe. Finally, the government points out that all courts which have considered the question post-*Heller* have held that the restrictions on possession of firearms by felons in 18 U.S.C. §§ 922(g)(1) and 924(e) do not violate the Second Amendment to the Constitution.

A hearing is not required to resolve this pending motion. Count IV of the Superseding Indictment sets forth all of the elements of the offense, apprises Defendant of the charges she must be prepared to meet, and enables her to assert double jeopardy. *Heller* explicitly recognized felon-in-possession statutes as presumptively lawful. 128 S. Ct. at 2816-17 & n. 26. Accordingly, Count IV is not subject to dismissal pursuant to Fed. R. Crim. P. 12(b)(3). Defendant's arguments regarding the ATF letters and the circumstances of her possession of the firearm must await further development of the evidentiary record.

C.  Multiplicity of Counts I, II and III

Defendant contends that Counts I, II and III are multiplicitous, in that they "all allege elements that constitute essentially the same conduct or conduct that is naturally subsumed in the conduct of the others which violates constitutional principles of double jeopardy." Defendant argues that Counts II and III can be proven without any other additional fact beyond those required for a conviction under Count I. Defendant recognizes that in *United States v. Dixon*, 509 U.S. 688 (1993), the Supreme Court held that the focus is on the "elements" of the offenses and that "the Government may charge a defendant under two different statutes even when the same conduct is implicated in both offenses." Motion at 5. Nevertheless, due to the prejudicial effect of multiple counts, Defendant "feels a better course is to compel the prosecution to elect which count upon which to proceed prior to sentencing." Motion at 6. Indeed, the effect of Defendant's motion would be to require the government to make such an election among these counts ***prior to trial***.

The government contends that Counts I, II and III are all properly charged in that each offense requires proof of one or more elements which the others do not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000). As the government notes, only Count I requires proof that Korbe acted "with malice aforethought" and that she "killed" Special Agent Hicks. Count II, unlike Count I, requires proof that Defendant assaulted a federal officer by use of a weapon. In addition, Count II requires proof that Korbe "knowingly" did "forcibly assault, resist, oppose, impede, intimidate, and interfere with" Hicks while engaged in his duties. Count III, unlike Counts I or II, requires proof that Korbe "discharge[d]" a firearm, and that such discharge occurred "during and in relation to a crime of violence." Count III also requires proof of knowing possession of the firearm in furtherance of the crime of violence.

In sum, under the "elements" test that both parties acknowledge is applicable, Counts I, II and III are not multiplicitous and, accordingly, are not subject to dismissal pursuant to Fed. R. Crim. P. 12(b)(3).

An appropriate Order follows.

                McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal No. 09-05 |
| v. ) | |
| ) | |
| CHRISTINA MARIE KORBE, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

AND NOW, this 9th day of June, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that DEFENDANT'S MOTION TO DISMISS COUNT IX ON CONSTITUTIONAL GROUNDS PURSUANT TO *DISTRICT OF COLUMBIA v. HELLER* (Document No. 87) is **DENIED**, DEFENDANT'S MOTION TO DISMISS COUNT IV AS FAILING TO STATE AN OFFENSE (Document No. 89) is **DENIED**, and DEFENDANT'S MOTION RE: DUPLICITOUS/MULTIPLICITOUS PLEADINGS (Document No. 108) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com
Jay T. McCamic, Esquire
Email: jtmccamic@mspmlaw.com

Troy Rivetti, AUSA
Email: Troy.Rivetti@usdoj.gov
Bruce J. Teitelbaum, AUSA
Email: bruce.teitelbaum@usdoj.gov
Donovan Cocas, AUSA
Email: Donovan.Cocas@usdoj.gov