IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | Criminal No. 09-05 |
| v. | ) | |
| | ) | |
| CHRISTINA MARIE KORBE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is Defendant Christina Marie Korbe's MOTION FOR SEVERANCE OF COUNTS PURSUANT TO RULE 8 AND RULE 14 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE (Document No. 85), with brief in support.[1] The government has filed a response in opposition to the motion (Document No. 166). The Court heard oral argument on May 12, 2010. After the argument, at the request of defense counsel the Court reviewed a recording of Defendant's 911 telephone call on November 19, 2008. The Court also ordered the government to deliver to the Court for *in camera* review any statement(s) of Defendant that it intends to use as evidence at trial, pursuant to Fed. R. Crim. P. 14(b). The Court has completed that review and the motion for severance is ripe for disposition.

Factual and Procedural Background

This criminal case arose out of the tragic shooting of FBI special agent Samuel Hicks on November 19, 2008. On that date, Hicks and other law enforcement officers were attempting to execute an arrest warrant on Robert Ralph Korbe at the family home, which he shared with his wife, Christina Korbe ("Defendant" or "Korbe") and their two young children. Christina Korbe admits that she shot agent Hicks, but has a "strong interest in pursuing self defense and defense of her small children" regarding his death. Brief in Support of Motion for Severance at 10.

On January 8, 2009, a grand jury returned a four-count Indictment against Christina

---

[1] The motion was re-filed with errata at Document No. 113.

Korbe, the sole Defendant in Criminal Action No. 09-05. The Indictment charges that she:

Count I: with malice aforethought, did kill Samuel Hicks, special agent of the FBI, while he was engaged in his official duties, in violation of 18 U.S.C. §§ 1111 and 1114;

Count II: knowingly and by means and use of a deadly or dangerous weapon (a Taurus revolver), did forcibly assault, resist, oppose, impede, intimidate, and interfere with Samuel Hicks, special agent of the FBI, while he was engaged in his official duties, in violation of 18 U.S.C. §§ 111(a)(1) and (b);

Count III: knowingly did use and carry and discharge a firearm (a Taurus revolver), during and in relation to a crime of violence, that being the murder and assault of Samuel Hicks as alleged in Counts I and II, and knowingly did possess said firearm in furtherance of said crimes of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (iii); and

Count IV: did aid and abet the possession of a firearm (a Taurus revolver), by a convicted felon, that is, her husband, Robert Ralph Korbe, in that on or about November 19, 2008, Robert Ralph Korbe, after having been convicted of three drug-related felony offenses in state court, did knowingly possess the Taurus revolver, in violation of 18 U.S.C. §§ 2, 922(g)(1) and 924(e).

On March 19, 2009, a grand jury returned a Superseding Indictment that added five additional charges against Christina Korbe, alleging that:

Count V: from 1990-2008, she conspired with persons known and unknown to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846;

Count VI: on November 19, 2008, she knowingly, intentionally and unlawfully possessed with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2;

Count VII: on November 19, 2008, she knowingly, intentionally and unlawfully possessed with intent to distribute a quantity of [powder] cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2;

Count VIII: on November 19, 2008, she knowingly used, carried and discharged a firearm (a Taurus revolver), during and in relation to a drug trafficking crime – namely, the offenses charged in Counts 5-7, and possessed said firearm in furtherance of said drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and (iii); and

Count IX: on November 19, 2008, as an unlawful user of a controlled substance – namely, cocaine and vicodin – she knowingly possessed in and affecting interstate commerce a firearm (a Taurus revolver), in violation of 18 U.S.C. § 922(g)(3).

The Superseding Indictment seeks forfeiture of the Korbe family home, in addition to the forfeiture of the Taurus revolver sought in the original Indictment.

In the pending motion, Defendant argues that the offenses charged in the Superseding

2

Indictment were improperly joined pursuant to Fed. R. Crim. P. 8(a) and, alternatively, that the Court should exercise its discretion to order separate trials pursuant to Fed. R. Crim. P. 14(a). Defendant advocates that the Court conduct three separate trials: (1) Counts I-III (the "shooting" counts); (2) Counts IV-VIII (the "drug" counts); and (3) Count IX. In essence, Defendant contends that presentation of evidence regarding the alleged eighteen (18) year drug conspiracy during the trial of the "shooting" counts would not advance judicial economy, would be unduly prejudicial, and would complicate her decision as to whether to testify. The motion states that Korbe may wish to testify regarding Counts I-III regarding self-defense and defense of her small children, but may not wish to testify regarding the drug counts V-VIII.

The government contends that the offenses were properly joined in the Superseding Indictment and that all the charges against Defendant should be determined in a single trial. The government emphasizes the inter-connected nature of the charges, in that the law enforcement officers were present at the Korbe home on November 19, 2008 to arrest Robert Korbe on drug-trafficking charges, and that Robert Korbe was attempting to destroy evidence of cocaine in the basement of the home at the time Special Agent Hicks was shot. The government argues that to disprove Defendant's claim of self-defense, it intends to introduce extensive "drug" evidence to demonstrate her knowledge, motive and intent to shoot the FBI agent pursuant to Fed. R. Evid. 404(b). Specifically, the government reasons that due to the illegal drug trafficking activities that were being conducted in and from the Korbe home, Defendant "knew full well" that agents were attempting to arrest Robert Korbe, and possibly her, on the morning of November 19, 2008. Thus, the government contends that there is a logical relationship among the charges. The government further argues that Defendant has not met her "heavy burden" to demonstrate unfair prejudice to justify separate trials and suggests that any prejudice can easily be cured by guiding the jury with appropriate limiting instructions.

Legal Analysis

The parties essentially agree on the legal standards to be applied in deciding this motion. The Court will address Defendant's contentions seriatim.

    A.    Alleged Improper Joinder of Offenses

The joinder of offenses in an indictment is governed by Federal Rule of Criminal Procedure 8 (Joinder of Offenses or Defendants), which states:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The "improper joinder" inquiry focuses upon the indictment, rather than the proof to be produced at trial. *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003). In *United States v. Heilman*, 2010 WL 1583097 (3d Cir. April 21, 2010) (slip copy), the United States Court of Appeals for the Third Circuit recently explained that when counts are "logically related, and there is a large area of overlapping proof, joinder is appropriate." *Id.* at *34 (citing *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001)). In *Graham*, 275 F.3d at 512, the Court explained that Rule 8 may be construed broadly to promote the goals of trial convenience and judicial efficiency, and held that drug trafficking and firearms charges were properly joined. Defendant acknowledges that there is a liberal standard for joinder of offenses under Rule 8.

Applying these legal principles to the circumstances of this case, the Court concludes that the joinder of the nine counts in the Superseding Indictment was in compliance with Fed. R. Crim. P. 8(a). There is a sufficient logical connection and evidentiary overlap between the firearm, shooting and drug charges to meet the relatively broad scope of Rule 8(a) in this single-defendant case. Under the government's theory of the case, Defendant possessed a firearm while engaged in a drug conspiracy with her husband and she shot Special Agent Hicks in furtherance of that conspiracy. Even though the conspiracy alleged in Count V spans an eighteen (18) year

period, the conduct underlying all of the remaining counts, including the conspiracy, occurred on November 19, 2008. In sum, joinder of the offenses in a single superseding indictment was proper under the circumstances of this matter.

      B.      Severance of Counts for Trial

The primary focus of Defendant's motion is directed at the Court's discretion to order separate trials on specific counts of the Superseding Indictment. The decision of whether to sever offenses for separate trials is governed by Fed. R. Crim. P. 14 (Relief from Prejudicial Joinder), which states:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The burden to demonstrate prejudice from the joinder of offenses or persons is on the party seeking severance. *United States v. De Peri*, 778 F.2d 963, 983 (3d Cir.1985). In *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) (citations omitted), our Court of Appeals explained that in exercising its discretion in resolving a motion for severance, a trial court should balance the public interest in judicial economy, which favors a consolidated trial where the same evidence would be presented at separate trials, against the possibility of prejudice inherent in the joinder of multiple offenses or defendants.

In *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993), the United States Supreme Court stated that " Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." The Supreme Court further commented that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. The Court duly noted that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* "Defendants are not entitled to severance merely

5

because they may have a better chance of acquittal in separate trials." *Id.* at 540. Rules 8(b) and 14 are designed to promote judicial economy by avoiding multiple trials, so long as there is no "substantial prejudice" to a defendant's right to a fair trial. *Id.*

With that background, the Court turns to the substantive merits of the parties' contentions. There is an undeniable superficial appeal to Defendant's position. At first glance, it would seem to be sensible and appropriate to sever the counts arising from the November 19, 2008 shooting incident from, at a minimum, the count relating to an eighteen (18) year drug trafficking conspiracy, if not all of the drug counts. The Court notes that Christina Korbe was not indicted at Criminal No. 08-365, the alleged drug conspiracy for which agents sought to arrest Robert Korbe on November 19, 2008. The Court also recognizes that Counts V-IX were not part of the original indictment in this case and that the evidence regarding the alleged long time drug conspiracy may be time-consuming at trial. It surely has not escaped the notice of the prosecutors that evidence regarding the added counts of the Superseding Indictment may tend to prejudice Korbe in the eyes of the jury. *See United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (government's motives for introducing prior bad act evidence may include a desire to impugn defendant's character).[2] Finally, the Court recognizes the unique sensitivity of this case, in that Defendant is accused of killing an FBI agent in the performance of his official duties

Nevertheless, after considerable reflection, the Court concludes that Korbe has not demonstrated a sufficient level of unfair prejudice to justify separate trials under the facts and circumstances of this case. The firearm, shooting and drug charges are inextricably intertwined. The firearm at issue in Counts IV and IX is the same weapon used in the shooting at issue in Counts I-III. Defendant's alleged drug use is the reason why her possession of the firearm was unlawful. Under the government's theory of the case, the killing of special agent Hicks at issue

---

[2]The inclusion of these offenses in the Superseding Indictment clearly does not rise to the level of prosecutorial misconduct. *United States v. Morena*, 547 F.3d 191 (3d Cir. 2008), is readily distinguishable as it involved the systematic injection of evidence at trial regarding ***uncharged*** drug related activities.

in Counts I-III was done in furtherance of the drug trafficking conspiracy and the crimes alleged in Counts V-VIII. Indeed, at oral argument, defense counsel stated that she would not contest the presentation of evidence in a separate trial of the "shooting" charges (Counts I-III) regarding: (1) drugs and paraphernalia found in the Korbes' bedroom on November 19, 2008; (2) that Robert Korbe was in the basement flushing cocaine down the drain at the time of the shooting; and (3) that law enforcement agents came to the family home that morning to arrest Robert Korbe on drug charges. Thus, the jury on the "shooting" counts would necessarily be aware of the existence of not only the firearm, but also the inherent involvement of illegal drugs. Once that evidence has become known during trial, there is little additional "taint" that would ensue from presentation of all of the evidence on all nine counts. Certainly, that potential additional taint does not outweigh the impact on judicial economy which would result from the substantial duplication of effort required to present similar, overlapping evidence in separate trials before multiple juries, not to mention the possibility of inconsistent verdicts.

The Court recognizes that Defendant Christina Korbe's state of mind will be a key issue in the "shooting" counts and that Defendant has expressed that she "may" wish to testify to self-defense in Counts I-III, but "may" prefer not to testify as to the remaining counts. Defendant has no legal obligation to testify and her decision to testify (or not testify) can only be ultimately finalized at trial. Accordingly, this unpredictable circumstance does not, in and of itself, justify separate trials. Defendant has indicated that she thought her home was being broken into by an intruder. The government, by contrast, will attempt to establish that Christina Korbe intentionally shot at a law enforcement officer to enable Robert Korbe to destroy evidence of their drug trafficking. The alleged ongoing illegal drug trafficking in the Korbe home is certainly relevant as to Defendant's state of mind – as it makes it more probable that law enforcement agents, rather than an intruder, had arrived at her home on the morning of November 19, 2008. Fed. R. Evid. 401. Thus, as the government points out, even if Defendant seeks to narrowly tailor her trial testimony, evidence of drug trafficking will likely be elicited on cross-

examination.[3]  As noted above, the gun, the shooting of Special Agent Hicks, and the involvement of drugs are intertwined.

The Court cannot agree with Korbe's assertion that it would be more efficient to have two or three separate trials.  To the contrary, judicial economy strongly favors a single trial rather than requiring the prosecution to present much of the same evidence and witnesses in multiple, separate proceedings.  Moreover, Korbe has made only generalized allegations and has not articulated any strong and convincing showing regarding the specific prejudice that would result from a single trial on all counts.  *See United States v. Ervin*, 540 F.3d 623, 629-30 (7th Cir. 2008) (rejecting challenge to single trial of homicide and drug trafficking charges).  Similarly, the Court is not persuaded by Defendant's suggestion that the necessity to review thousands of documents related to the drug conspiracy charge prior to trial merits severance.  The government has represented that such documents have long been made available to defense counsel and they have voluntarily elected to put off their review of same.

Korbe may rest assured that the jury will be directly and specifically instructed to consider her guilt or innocence on each separate count of the Superseding Indictment based solely on the evidence related to each separate count.  To the extent that any unforeseen specific prejudice arises, Defendant will be entitled to bring it to the Court's attention and the Court will consider, at that time, the curative steps, if any, which may be warranted.  However, at this time, Defendant has not convinced the Court that exercise of its discretion to sever counts of the Superseding Indictment for separate trials is necessary or fitting under the circumstances of this matter and therefore, Defendant's motion in that regard will be denied.

An appropriate Order follows.

McVerry, J.

---

[3] The parties dispute whether "drug" evidence would be admissible in a separate trial of the "shooting" counts pursuant to Fed. R. Evid. 404(b).  *See, e.g., United States v. Gibbs*, 190 F.3d 188, 218 (3d Cir.1999).  However, it would be premature to rule on the potential admissibility of Rule 404(b) evidence until such evidence is actually proffered in the context of a trial.  *United States v. Thomas*, 2009 WL 4015420 (W.D. Pa. 2009).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 09-05 |
| v. | ) |
| | ) |
| CHRISTINA MARIE KORBE, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 9th day of June, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that Defendant Christina Marie Korbe's MOTION FOR SEVERANCE OF COUNTS PURSUANT TO RULE 8 AND RULE 14 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE (Document No. 85) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com
Jay T. McCamic, Esquire
Email: jtmccamic@mspmlaw.com

Troy Rivetti, AUSA
Email: Troy.Rivetti@usdoj.gov
Bruce J. Teitelbaum, AUSA
Email: bruce.teitelbaum@usdoj.gov
Donovan Cocas, AUSA
Email: Donovan.Cocas@usdoj.gov