# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 09-cr-0005 |
| | ) | |
| CHRISTINA MARIE KORBE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court for disposition is the MOTION FOR A BILL OF PARTICULARS filed by Defendant, Christina Marie Korbe (Document No. 103) and the RESPONSE in opposition filed by the government (Document No. 162). For the reasons that follow, the Motion will be granted in part and denied in part.

### Legal Standard

Federal Rule of Criminal Procedure 7(f) provides as follows:

> The Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars. *United States v. Rosa,* 891 F.2d 1063, 1066 (3d Cir. 1989); Fed. R. Crim. P. 7(f). Among the purposes of a bill of particulars is to inform the defendant of the nature of the charges brought against him or her so that the defendant is able to adequately prepare a defense. *United States v. Addonizio,* 451 F.2d 49, 63 (3d Cir.), *cert. denied*, 40 U.S. 936 (1972). The Court of Appeals for the Third Circuit has instructed that a district court should grant a motion seeking a bill of particulars when an indictment's failure to provide

factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. However, a defendant is not entitled to general discovery of the government's case, evidence or witnesses. *United States v. Armocida,* 515 F.2d 49, 52 (3d Cir.), *cert. denied,* 423 U.S. 858 (1975).

A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). In ruling on a request for a bill of particulars, the Court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.), *cert. denied,* 490 U.S. 914 (1972).

Defendant requests that the following information be disclosed:

A.  <u>As to Count Four of the Superseding Indictment</u>:

"1. Identify with particularity what, if any, acts Robert Korbe did as the principal that would indicate in any way that he possessed the .38 caliber Taurus revolver.

2. Identify with particularity what, if any, acts Christina Korbe did as the licensed owner of the .38 caliber Taurus revolver that would in any way indicate that she aided and abetted her husband in his alleged possession of the .38 caliber Taurus Revolver."

B.  <u>As to Count Five of the Superseding Indictment</u>:

"1. Identify with particularity who is described by the phrase "persons both known and unknown to the grand jury," with whom Christina allegedly conspired.

2. Identify with particularity what, if any acts Christina Korbe did as a principal during the alleged 18 year time period of the drug conspiracy stating the facts describing each act and the identities of anyone alleged to have been a participant in each act, the date of each act, and the place of each act."

      C.     <u>As to Count Six of the Superseding Indictment</u>:

      "1. Identify with particularity the alleged principal(s) and the alleged person(s) who aided and abetted.

      2. Explain the theory of 18 U.S.C. § 2 liability.

      3. Specify the penalty the government seeks for the person(s) alleged to have aided and abetted."

      D.     <u>As to Count Seven of the Superseding Indictment</u>:

      "1. Identify with particularity the alleged principal(s) and the alleged person(s) who aided and abetted.

      2. Explain the theory of 18 U.S.C. § 2 liability.

      3. Specify the penalty the government seeks for the person(s) alleged to have aided and abetted."

      E.     <u>As to Count Eight of the Superseding Indictment</u>:

      "1. Identify with particularity what, if any, acts Christina Korbe did during the alleged 18 year time period of the drug conspiracy to possess and distribute in excess of 500 grams of cocaine alleged in Count 5, to possess with intent to distribute in excess of 50 grams of cocaine base alleged in Count 6, and to possess with intent to distribute a "detectable amount" of cocaine alleged in Count 7, that would in any way indicate that she did use and carry a .38 caliber Taurus revolver during or in relation to any drug trafficking crime and did knowingly possess the firearm in furtherance of any alleged drug trafficking crime; stating the facts describing each act and the identities of anyone alleged to have been a participant in each act, the date of each act, and the place of each act."

Motion at ¶ 2 (A) - (E).

      The government filed a response to this motion in which it answered in detail the majority of the requests for information sought by Defendant. Further, the government represents that "[t]hroughout the pendency of this case, the United States has made ongoing

disclosures of evidence and information. Those disclosures have been extensive and are well beyond any required by Rule 16 of the Federal Rules of Criminal Procedure." Resp. at 5.

As Defendant acknowledges, "the government has provided the opportunity for defense counsel to review a number of documents, photographs, and things seized by the FBI and/or state and local authorities which defense counsel has reviewed over a number of days at the Martha Dixon-FBI Building-Southside. Additionally, the government has provided certain other documents and photographs in response to informal requests of defense counsel." Mot. for Discovery, Doc. 94 at 1.

Defendant's instant motion essentially requests evidence that can be divided into two overlapping categories: (1) requests for more specific information regarding the crimes with which she is charged and (2) requests for the identities of the government's witnesses, informants, and unindicted accomplices. The Court may, in its sound discretion, "decline[ ] to require the Government to answer a set of detailed interrogatories in the guise of a bill of particulars," especially if opportunity for liberal discovery exists. *Kenny*, 462 F.2d at 1212.

In response to Defendant's request for information pertaining to Count 4 - Aiding and Abetting the possession of a firearm by a convicted felon - the government responds that "[a]t trial, the United States intends to establish that Korbe kept the Taurus in the marital bedroom she shared with her felon-husband Robert, that Robert knew that she kept the gun there, and that Korbe stored or carried the gun such that Robert could exercise dominion or control over it." Resp. at 7.[1]

---

[1] The Court notes that on May 28, 2010, Robert Korbe pled guilty to a two-count Information in which he was charged with felon in possession of a firearm on or
(continued...)

4

In response to Defendant's request for information pertaining to Count 5 - Conspiracy to distribute cocaine - the government objects to the request as an improper attempt to utilize a Bill of Particulars as a discovery device. However, the government further explains that Christina Korbe is alleged to have conspired with her husband, Robert Korbe, as well as with others. "At trial, the government intends to prove that she has been aware of the cocaine-trafficking activities of her husband since at least 1990, and that she participated in, and benefitted from, those activities in a variety of ways." Resp. at 7-8.

In response to Defendant's request for information pertaining to Count 6 - Possession with intent to distribute cocaine - the government responds that Defendant and her husband <u>both</u> possessed with intent to distribute 161.6 grams of cocaine base, on or about November 19, 2008. This cocaine base was seized from the Korbe residence pursuant to the execution of a search warrant at 111 Woods Run Road on December 1, 2008 - Case No. 08-612M.

In response to Defendant's request for information pertaining to Count 7 - Possession with intent to distribute cocaine - the government responds that Defendant and her husband <u>both</u> possessed with intent to distribute 360.5 grams of powder cocaine, on or about November 19, 2008. This cocaine base was seized from the Korbe residence pursuant to the

---

[1](...continued)
about November 19, 2008, in violation of Title 18, United States Code, sections 922(g)(1) and 942(e) (including possession, *inter alia*, of the Taurus revolver which was kept by Christina Korbe in the marital bedroom) and possession with intent to distribute 360.5 grams of cocaine and 161.6 grams of cocaine base, on November 19, 2008, in violation of Title 21, United States Code, sections 841(a)(1), 841(b)(1)(A)(iii), and 841(b)(1)(C) (the exact same type and quantity of drugs with which Mrs. Korbe is charged in Counts 6 and 7 of her Superseding Indictment). *See* Information filed at 10-cr-00091.

execution of a search warrant at 111 Woods Run Road on December 1, 2008 - Case No. 08-612M.

In response to Defendant's request for information pertaining to Count 8 - Using, carrying and discharging a firearm during and in relation to a drug trafficking crime and possessing said firearm in furtherance thereof - the government responds that "when Special Agent Hicks and other law enforcement personnel arrived, announced themselves, and attempted to execute an arrest warrant for Robert on drug-trafficking charges, Korbe shot Special Agent Hicks while her husband was running to the basement to destroy evidence of the illegal cocaine activities." Resp. at 13.

The heart of the issue in ruling on a motion for bill of particulars is whether the indictment fails to provide factual or legal information and thereby "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989). This determination focuses upon whether the defendant is sufficiently informed of the nature of the charges being brought against him, so as to (i) avoid surprise at trial; and (ii) protect against double jeopardy because of an inadequately described offense. *See United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)

Applying these standards, the Court cannot find any basis for granting Defendant's request for a bill of particulars as to Counts Four, Six, Seven and Eight of the Superseding Indictment. While the information requested may indeed be helpful to Defendant, such information does not appear necessary to avoid surprise at trial or protect against double jeopardy concerns. The Court concludes that the Superseding Indictment and the discovery which the

government has produced have provided the Defendant with the information necessary to understand these charges against her and to mount a defense on her behalf.

However, the Court is concerned that Count Five of the Superseding Indictment lacks particularized information to allow Defendant to do meaningful pretrial investigation to adequately prepare a defense. *Addonizio,* 451 F.2d at 63. Count Five charges Defendant with an approximately eighteen (18) year conspiracy as follows:

> From in or around 1990, and continuing thereafter to on or about November 19, 2008, in the Western District of Pennsylvania, the defendant CHRISTINA MARIE KORBE, did knowingly, intentionally and unlawfully conspire with persons both known and unknown to the grand jury, to distribute and possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).
>
> In violation of Title 21, United States Code, Section 846.

Superseding Indictment, Count Five.

As noted above, Defendant requests the following information be disclosed with regard to Count Five:

> "1. Identify with particularity who is described by the phrase "persons both known and unknown to the grand jury," with whom Christina allegedly conspired.
>
> 2. Identify with particularity what, if any acts Christina Korbe did as a principal during the alleged 18 year time period of the drug conspiracy stating the facts describing each act and the identities of anyone alleged to have been a participant in each act, the date of each act, and the place of each act."

Mot. for Bill of Particulars at 2.

Unlike the general federal conspiracy statute, *see* 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an Indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846. In fact, the United States Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a <u>conviction</u> under 21 U.S.C. § 846. *United States v. Shabani,* 513 U.S. 10, 15 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982).

The Court finds that Count Five of the Superseding Indictment identifies the general geographic location and the elements of the offense sufficiently to fairly inform Defendant of the Charge and to "protect against double jeopardy because of an inadequately described offense." *Urban,* 404 F.3d at 771.

However, the Court finds that Count Five of the Superseding Indictment fails to provide significant areas of information which, without disclosure, could "significantly impair[] the defendant's ability to prepare [her] defense or is likely to lead to prejudicial surprise at trial." *Rosa,* 891 F.3d at 1066. For example, the time frame of Count Five ( "in or around 1990, and continuing thereafter to on or about November 19, 2008"), encompasses approximately eighteen (18) years and is simply too broad to sufficiently identify the conspiracy by time alone. No acts, overt or otherwise, are identified in Count Five; in other words, Count Five is void of <u>any</u> description of <u>any</u> event in which Defendant allegedly conspired to distribute and possess with the intent to distribute cocaine.

The Court finds that Defendant's first request, the identity of those "persons both known and unknown to the grand jury" is proper to the extent it requests information regarding unindicted co-conspirators whom the government intends to call as witnesses. Accordingly, the Court will order the government to furnish the names of those co-conspirators known to the government and whom the government will claim participated in the alleged conspiracy with Defendant.

In exercising its discretion, the Court limits the grant of the request to those unindicted co-conspirators whom the government intends to use as witnesses. The Supreme Court has explained: "It is not uncommon for the government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial." *Will v. United States*, 389 U.S. 90, 99 (1967).

**Accordingly, the government shall disclose to the Defendant the identity of those unindicted co-conspirators whom the government intends to call as witnesses at trial at least twenty-eight (28) days before trial**.

Further, the Court finds that Defendant's second request, for the government to "identify with particularity what, if any acts, Christina Korbe did as a principal during the alleged 18 year time period of the drug conspiracy" is also proper. "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985) (citations omitted). Given the extraordinary length of time of the alleged conspiracy, the Court finds that Defendant is entitled to be apprised of the

general type, manner, means, and time frame of the alleged conspiratorial acts in which the government contends Defendant participated as a principal. **The Government shall disclose this information on or before June 25, 2010.** However, to require the government to indicate the specific dates, times, and locations of each act, as the Defendant requests, would unfairly define and limit the government's case due to the fact that the evidence at trial must conform to the allegations in a bill of particulars.

The Court's intent in granting this motion as to Count Five is not to strictly limit the government's proof at trial. Instead, the intent is to prevent surprise at trial and to enable the Defendant to properly prepare to defend herself at trial.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 02: 09-cr-0005 |
| | ) | |
| CHRISTINA MARIE KORBE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 10th day of June, 2010, in accordance with the foregoing Memorandum, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant's Motion for A Bill Of Particulars is **DENIED** as to Counts Four, Six, Seven and Eight of the Superseding Indictment, as the requested information is better obtained, if at all, through typical discovery mechanism, and **GRANTED** in part and **DENIED IN PART** as to Count Five of the Superseding Indictment as hereinabove set forth.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Troy Rivetti,
Assistant United States Attorney
Email: Troy.Rivetti@usdoj.gov

Donovan Cocas,
Assistant United States Attorney
Email: Donovan.Cocas@usdoj.gov

Bruce J. Teitelbaum,
Assistant United States Attorney
Email: Bruce.Teitelbaum@usdoj.gov

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic, Esquire
McCamic, Sacco, Pizzuti & McCoid, PLLC
Email: jtmccamic@mspmlaw.com