# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:09-cr-05 |
| | ) |
| CHRISTINA MARIE KORBE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER OF COURT

Pending now before the Court is DEFENDANT'S MOTION FOR NOTICE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4) OF ITS INTENTION TO USE SPECIFIC EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION (Document No. 106), and the government's response thereto (Document No. 165). The motion is now ripe for disposition.

Defendant's motion seeks the entry of an Order directing the government to make inquiry and to serve and file specific written notice and designations of all evidence subject to disclosure under Federal Rule of Criminal Procedure 16, as well as such other evidence as may be subject to Rule 12(b)(4), including specific notice of the following:

a) Evidence obtained through any warrantless search or seizure, or any derivative evidence therefrom;

b) Evidence obtained through the execution of any search or seizure warrant, or any derivative evidence therefrom;

c) Evidence obtained through any electronic or mechanical surveillance or recording, or any derivative evidence therefrom;

d) Evidence obtained through the use of a beeper or other tracking device, or any derivative evidence therefrom;

e) Evidence obtained through the use of a "mail cover", or any derivative evidence therefrom;

f) Evidence "relating to the exhibition or display of the defendant's photograph, likeness, image, or voice recording to anyone" (not law enforcement); and

g) Any written, recorded, or oral statements of either Defendant or from anyone else intended to be offered as a statement of Defendant.

Document No. 106. Defendant further requested any evidence or information that "falls within Rule 12(b)(4) be specifically identified from among the items of other discovery that

has been or will be produced pursuant to Rule 16."

In response, the government notes that Fed.R.Crim.P. 12(b)(4) provides only that a defendant may request notice of the government's intention to use any evidence in the presentation of its evidence-in-chief at trial that is discoverable under Rule 16, in order to provide defendants with the opportunity to file a motion to suppress, which is a subtle but distinctively narrower obligation to notify compared to Defendant's somewhat broader demand for evidence "which may arguably be subject to challenge or suppression." *See* Document No. 165. Furthermore, the government avers that it has already complied with the requirements of Rule 12(b)(4), specifically noting that it has provided extensive disclosures beyond those required by Rules 12 and 16, as evidenced by the fact that Defendant "has already filed numerous suppression motions." In response to the specific demands made Defendant, the government avers:

"(a) The defendant is already aware of the "warrantless" protective sweep of the Korbe residence that was conducted on the morning of November 19, 2008, as well as the seizure of evidence from the defendant's person (and her husband) that morning. In addition, the United States has already provided reports to defendant regarding the "warrantless" searches and seizures pertaining to the 1991 and 1995 arrests and convictions of her husband Robert, and the May 16 2008 arrest of Robert. The United States is unaware of any other "warrantless" searches and seizures resulting in evidence that the United States intends to use in its case-in-chief.

(b) The United States already has provided notice of the ten (10) search warrants relating to this case. See Government's Opposition to Motion fo Suppression Hearing and to Suppress All Evidence Gained by the Government as a Result of Illegal Search Warrants (filed contemporaneously herewith). The United States also obtained evidence from a search warrant that was executed at the offices of the Korbes' accountant. All of that evidence was made available for defense counsel's review. The United States notes that the defendant does not have standing to challenge the search of the accountant's office. The United States is unaware of any other search or seizure warrants resulting in evidence that the United States intends to use in its case-in-chief.

(c) The United States intends to use the following 'electronic or mechanical surveillance or tape recordings' evidence in its case-in-chief (and the United States has already provided copies of this evidence to the defendant): the 911 calls on the morning of November 19, 2008; certain of the defendant's 'jail calls' (the defendant has already filed a motion to suppress this evidence); and the wiretap calls of the defendant's husband (the defendant does not have standing to file a motion to suppress these calls).

(d) The United States is unaware of any 'beeper or other tracking device' evidence pertaining to the defendant.

(e) The United States is unaware of any 'mail cover' evidence pertaining to the defendant.

(f) The United States does not intend to use in its case-in-chief any evidence relating to the 'exhibition or display of the defendant's photograph, likeness, image, or voice recording to anyone.'

(g) The United States has already complied with the requirements of Rule 16(a)(1)(A) & (B) of the Federal Rules of Criminal Procedure (including the defendant's statements contained in her 'jail calls' and/or her mail correspondence from Allegheny County Jail and/or Cambria County Prison). To the extent that the defendant seeks to expand the government's pretrial disclosure obligations, the United States objects. The law is well-settled that statements by third parties, whether alleged co-conspirators, prospective government witnesses, or individuals whose statements can be attributed to a defendant for evidentiary purposes, do not come within the ambit of Rule 16, and are not required to be disclosed in pretrial discovery. See Government's Omnibus Response to Defendant's Motions for Discovery, pp. 49 - 51."

Doc. 165 at pp. 3 - 4.

As the United States correctly notes, Rule 12(b)(4) provides a procedure by which a defendant receives notification of the government's intention to use certain evidence at trial. This notification may be given by the government on its own initiative or upon request made by a defendant. Fed.R.Crim.P. 12(b)(4)(A) & (B). It does not appear from the filings that Defendant actually requested notice directly from the government before filing her motion. Concomitantly, this does not appear to be a situation in which a request (assuming one had been made) was not honored by the government in a timely fashion. Quite the contrary, without ever having received a request from Defendant and prior to the filing of her motion for notice at Document No. 106, the government apparently exercised its discretion under Rule 12(b)(4)(A) and notified Defendant of its intent to use specified evidence at trial, which in fact, afforded Defendant the opportunity to move to suppress such evidence.

Receiving notice of evidence under Rule 12(b)(4)(B) does not, in and of itself, require a Court order, nor does making such a request require motions practice. To that end, Local Rule of Criminal Procedure 16.1 includes an obligation for counsel to confer and attempt to resolve any issue regarding discovery prior to the filing of a motion to produce. Obviously, the purpose of such a rule is for parties to endeavor to satisfy requests for discovery in a cooperative atmosphere without recourse to the Court.

Nevertheless, the Court sees no failure of compliance under either Rule 12(b)(4) or 16 on the part of the government, and therefore sees no basis for recourse.

Accordingly, DEFENDANT'S MOTION FOR NOTICE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4) OF ITS INTENTION TO USE SPECIFIC EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION (Document No. 106) is **DENIED AS MOOT.**

So Ordered, this 11th day of June, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic, Esquire
Email: jtmccamic@mspmlaw.com

Troy Rivetti, AUSA
Email: Troy.Rivetti@usdoj.gov

Bruce J. Teitelbaum, AUSA
Email: Bruce.Teitelbaum@usdoj.gov

Donovan Cocas, AUSA
Email: Donovan.Cocas@usdoj.gov