# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 02: 09-cr-0005 |
| v. | ) |
| | ) |
| CHRISTINA MARIE KORBE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are Defendant Christina Marie Korbe's MOTION TO PRESERVE, INSPECT, EXAMINE, AND INDEPENDENTLY TEST ALL PHYSICAL EVIDENCE AND NOTICE TO PRODUCE (Document No. 96); MOTION FOR DISCLOSURE OF EXPERT WITNESSES, OPINIONS, BASES AND REASONS OF OPINIONS AND QUALIFICATIONS (Document No. 99); and DEFENDANT'S MOTION FOR RETURN OF PROPERTY (Document No. 105). The government has filed responses to the motions (Document Nos. 154, 156, 164) and they are ripe for disposition.

Factual and Procedural Background

This criminal case arose out of the tragic shooting of FBI special agent Samuel Hicks on November 19, 2008. On that date, Hicks and other law enforcement officers were attempting to execute an arrest warrant on Robert Ralph Korbe at the family home, which he shared with his wife, Christina Korbe ("Defendant" or "Korbe") and their two young children. Christina Korbe admits that she shot agent Hicks, but has a "strong interest in pursuing self defense and defense of her small children" regarding his death. Subsequently, pursuant to search warrants, law enforcement officers seized numerous items of property at the Korbe home. On March 19, 2009,

a grand jury returned a Superseding Indictment that charges Christina Korbe with shooting, drug and firearm violations and seeks forfeiture of the Korbe family home and the Taurus revolver used in the shooting. Defendant has filed numerous pretrial motions that are being addressed by separate orders. The instant motions will be addressed seriatim.

I. Motion to Preserve and Produce Physical Evidence (Doc. # 96)

Defendant acknowledges that the government has taken steps to preserve evidence and has invited defense counsel to review and inspect numerous evidentiary items at the FBI Building. Defendant states that the purpose of this motion "is to formally put the government on notice that future examination and testing may be necessary. . . ." Accordingly, the Defendant asks the Court to order the government to preserve twelve (12) specific categories of evidence. Defendant notes that the family home at 111 Woods Run Road and the Taurus revolver are subject to forfeiture allegations and asks that they be preserved in the condition they were in on November 19, 2008. The last category on Defendant's list is a broad, catch-all that seeks all other physical evidence "that relates in any way to the investigation." Somewhat confusingly, Defendant requests that the Court order the government to "ultimately" produce the itemized items "immediately." Defendant further seeks an order that permits defense experts to examine and test the items, and requires the government to make continuing disclosures of all additional items of evidence obtained during its investigation.

The government, in response, agrees that the physical evidence in this case should be preserved and that Defendant is entitled to inspect, examine and test that evidence. The government represents that it will attempt to accommodate any specific requests by Defendant for such activities. However, the government opposes the language of the precise relief

2

requested by Defendant. The government points out, for example, that the evidence in this case includes drugs, firearms, DNA samples, etc., for which appropriate safeguards and protocols must be implemented. The government further objects to item #7 ("All notes, writings, memoranda and letters made by the state as part of the evidence in this case") as beyond the scope of pretrial discovery pursuant to Fed. R. Crim. P. 16(a)(2).[1] The government suggests that the Court deny Defendant's motion without prejudice, in the absence of any actual dispute.

It appears that both parties agree that evidence has been and will be preserved and that defense counsel has been and will be able to inspect and test that evidence. The government has represented that it will endeavor to accommodate Defendant's requests as they arise in the future and Defendant has acknowledged that this motion is a "formality." In light of the government's representations, the motion will be denied as moot, without prejudice to Defendant to bring specific disputes regarding these matters to the attention of the Court if and when necessary.

II.   Motion For Disclosure of Expert Witnesses, Opinions, etc. (Doc. # 99)

Defendant asks the Court to order the government to provide the names of the persons it intends to offer as expert witnesses at trial, a written summary of the expert opinions, the bases and reasons for those opinions and the witnesses' qualifications, pursuant to Fed. R. Crim. P. 16(a)(1)(G). Defense counsel acknowledge that they have received some initial reports and test results. Defense counsel also represent that they will honor their reciprocal obligation to disclose expert information in compliance with Rule 16(b)(1)(C). Defendant reasons that such

---

[1] The Court incorporates its omnibus Discovery Order filed on June 10, 2010, regarding such items (Document No. 205).

disclosures should be done in a time frame that enables the parties and the Court to resolve any *Daubert*-type or other challenges in advance of trial.

The government avers that it has already fulfilled its obligation to provide Defendant with copies of reports of numerous specific scientific tests and examinations and states that it has not yet determined which expert testimony it will use in its case in chief. Nevertheless, the government's response outlines thirteen topics which have been the subject of scientific review and may require expert testimony, and has provided a summary of its disclosures to date as to each topic.[2] The government recognizes the need to minimize surprise, to provide Defendant with a fair opportunity to challenge the expert testimony, and to prevent a postponement of trial. Accordingly, the government agrees to provide the disclosures required by Rule 16(a)(1)(G) "at least two (2) months prior to trial."

This motion is somewhat duplicative of Defendant's Motion for Discovery (Document No. 38), which has been ruled upon in the Court's omnibus Discovery Order filed June 10, 2010, which is incorporated herein. In addition, pursuant to its authority in Fed. R. Crim. P. 12(c) to set deadlines for pretrial motions and to schedule motions hearings, the Court will direct the following schedule for the disclosures and motions regarding expert testimony:

---

[2]The government has also expressed its willingness to enter into appropriate stipulations to obviate the need for actual expert testimony at trial where possible. The Court heartily endorses this effort and encourages the parties to cooperate in this regard.

| **Description re Disclosure of Government Trial Experts** | **Disclosure / Filing Dates** |
|---|---|
| Government to identify trial experts and make Rule 16(a)(1)(G) disclosures | on or before August 2, 2010 |
| Defendant to file motion(s) to challenge government's expert opinion and/or qualifications | on or before August 12, 2010 |
| Government to file response(s) to defendant's challenge(s) | on or before August 19, 2010 |

| **Description of Disclosure re Defendant's Trial Experts** | **Disclosure / Filing Dates** |
|---|---|
| Defendant to identify trial experts and make Rule 16(b)(1)(C) disclosures | on or before August 23, 2010 |
| Government to file motion(s) to challenge Defendant's expert opinion and/or qualifications | on or before September 2, 2010 |
| Defendant to file response(s) to government's challenge(s) | on or before September 9, 2010 |

The Court will endeavor to hear and rule upon any *Daubert*-type motions as expeditiously as possible, in order to provide the parties with an opportunity to adjust their trial preparations to comport with the Court's rulings. Given the abbreviated time period between the hearing date and the start of trial, requests for post-hearing briefing will be strongly disfavored.

In accordance with the foregoing, Defendant's motion will be granted as unopposed.

### III. Motion for Return of Property (Doc. # 105)

Defendant contends that numerous items of personal property were seized during the various searches of the Korbe home that are beyond the scope of any search warrant and unrelated to any alleged crime. Accordingly, Defendant requests that a number of categories of such items (for example, family photos and videos, toiletries, clothing, diaries, personal correspondence, jewelry, luggage, etc.) be returned pursuant to Fed. R. Crim. P. 41(g). Specifically, Defendant requests that the Court: (1) preserve the issue of the return of property seized by the government; (2) require the parties to meet and attempt to stipulate as to which items may be returned to Defendant; and (3) hold a hearing if necessary as to any items that remain in dispute. Defense counsel explains that this motion has been filed to avoid any waiver of Korbe's rights.

The government contends that this motion is premature, and theorizes that it is being used as a backdoor attempt to discover what evidence will actually be produced at trial. The government points out that both Christina and Robert Korbe will remain incarcerated at least through the conclusion of trial, and thus, will not be able to exercise actual custody or control over the items at issue. The government further argues that it has not decided what items will be introduced as evidence, and in particular, that rebuttal evidence will be dependent upon Defendant's trial presentation. Moreover, the government contends that all of the property was seized pursuant to valid search warrants. In sum, the government opposes the motion in its entirety and refuses to discuss the return of any property to Korbe at this time.

Federal Rule of Criminal Procedure Rule 41(g) provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property

may move for the property's return ... in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion." It is well settled that the government may seize evidence for use in an investigation and trial; however, it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture. *United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000).

As an initial matter, the Court does not agree with Defendant's contention that the timing of this motion is necessary to avoid any waiver of Korbe's rights. An aggrieved party may file a motion for return of property after the termination of criminal proceedings and it will be treated as a civil action for equitable relief. *Id.; United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). In any event, this issue has been properly preserved and the government has acknowledged its obligation to return property.

Similarly, the Court rejects the government's contention that "Rule 41(g) does not permit the return of property **during** criminal proceedings." (Emphasis in original). The government has cited no authority for this proposition and the text of Rule 41(g) contains no such limitation. To the contrary, the plain language of the Rule authorizes the Court to grant a motion and "impose reasonable conditions to protect access to the property and its use in later proceedings." *See also* Advisory Committee Notes to 1989 Amendment (if government's interests can be satisfied even if property is returned, "continued retention of the property would become unreasonable" . . . "In many instances documents and records that are relevant to **ongoing** or contemplated investigations and **prosecutions** may be returned to their owner as long as the government preserves a copy for future use.") (Emphasis added). Thus, the Rule contemplates a "reasonableness" standard that permits the government to return property to Korbe at this

juncture.  Any return of property during a criminal proceeding would simply require a balancing of the parties' competing interests.  *United States v. Lamplugh*, 956 F. Supp. 1204 (M.D. Pa. 1997) (involving an ongoing prosecution).   "[T]he burden of proof is on the government to show 'that it has a legitimate reason to retain the property.'"  *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (citations omitted).  The government's need  to use the property as evidence is one such legitimate reason.  *Id.*

The Court is unable to resolve the substance of the parties' contentions because the parties have not adequately identified the specific items of property that are actually in dispute. For the reasons set forth above, the Court is not persuaded by the government's blanket assertion that every item of Korbe family personal property is needed as evidence.  On the other hand, Korbe's motion is certainly complicated by her incarceration and that of her husband.  *See Hovey v. United States*, 2009 WL 1704649 *3 (D. Mont. 2009) (no compelling interest in return of property in the absence of evidence that the inmate could take possession while incarcerated). Therefore, counsel for the parties are instructed to meet and confer within fourteen (14) days to determine whether there are items of personal property (for example, family photos, children's clothing, etc.) that can be returned by mutual agreement to either Christina Korbe while in the Cambria County Jail or to an appropriate custodian.  To the extent that the parties are unable to reach agreement, Defendant is entitled to renew her motion as to those specific items.

In accordance with the foregoing, the motion will be granted in part as to the duty to meet and confer, and denied in part without prejudice as premature.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) Criminal No. 09-05 |
| v. | ) |
| | ) |
| **CHRISTINA MARIE KORBE,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER OF COURT

AND NOW, this 16th day of June, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that:

(1) Defendant Christina Marie Korbe's MOTION TO PRESERVE, INSPECT, EXAMINE, AND INDEPENDENTLY TEST ALL PHYSICAL EVIDENCE AND NOTICE TO PRODUCE (Document No. 96) is **DENIED AS MOOT WITHOUT PREJUDICE**;

(2) Defendant's MOTION FOR DISCLOSURE OF EXPERT WITNESSES, OPINIONS, BASES AND REASONS OF OPINIONS AND QUALIFICATIONS (Document No. 99) is **GRANTED** as unopposed; and

(3) DEFENDANT'S MOTION FOR RETURN OF PROPERTY (Document No. 105) is **GRANTED IN PART** as to counsels' duty to meet and confer within fourteen (14) days **AND DENIED IN PART WITHOUT PREJUDICE AS PREMATURE**.

The parties shall comply with the following schedule for the disclosures and motions, if any, regarding expert opinion(s) and/or qualifications:

| Description re Disclosure of Government Trial Experts | Disclosure / Filing Dates |
| --- | --- |
| Government to identify trial experts and make Rule 16(a)(1)(G) disclosures | on or before August 2, 2010 |
| Defendant to file motion(s) to challenge government's expert opinion(s) and/or qualifications | on or before August 12, 2010 |
| Government to file response(s) to defendant's challenge(s) | on or before August 19, 2010 |

| Description of Disclosure re Defendant's Trial Experts | Disclosure / Filing Dates |
| --- | --- |
| Defendant to identify trial experts and make Rule 16(b)(1)(C) disclosures | on or before August 23, 2010 |
| Government to file motion(s) to challenge Defendant's expert opinion(s) and/or qualifications | on or before September 2, 2010 |
| Defendant to file response(s) to government's challenge(s) | on or before September 9, 2010 |

BY THE COURT:

 s/ Terrence F. McVerry
United States District Court Judge

cc:     Caroline M. Roberto, Esquire
        Email: croberto@choiceonemail.com

        Jay T. McCamic, Esquire
        Email: jtmccamic@mspmlaw.com

        Troy Rivetti,
        Assistant U.S. Attorney
        Email: Troy.Rivetti@usdoj.gov

        Bruce J. Teitelbaum,
        Assistant U.S. Attorney
        Email: bruce.teitelbaum@usdoj.gov

        Donovan Cocas,
        Assistant U.S. Attorney
        Email: Donovan.Cocas@usdoj.gov