**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 02: 09-cr-00005 |
| ) | |
| CHRISTINA MARIE KORBE ) | |

**MEMORANDUM ORDER OF COURT DENYING
MOTION FOR RECONSIDERATION**

On July 20, 2010, Defendant, Christina Marie Korbe, through counsel, filed the instant MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER OF COURT AT DOC. NO. 218 DENYING DEFENDANT'S MOTION TO SUPPRESS JAIL TAPES (*Document No. 221*). For the reasons that follow, the Motion for Reconsideration will be denied.

On May 25, 2010, the Court conducted an evidentiary hearing on Defendant's Motion to Suppress Tape Recorded Conversations From the Allegheny County Jail and the Cambria County Prison (*Document No. 90*), filed by Defendant through counsel, in which she moved to suppress the statements which she made in recorded telephone conversations while incarcerated at the Allegheny County Jail and at the Cambria County Prison.

Following the hearing, on June 23, 2010, the Defendant filed a post-hearing Supplemental Brief in support of her motion (*Document No. 213*), to which the Government responded on June 28, 2010. (*Document No. 217*).

On July 14, 2010, the Court, based on the testimony and evidence presented at the suppression hearing and the applicable law, filed an extensive Memorandum Opinion and Order

which denied Defendant's Motion to Suppress, to which the Defendant has filed the instant Motion for Reconsideration.

A motion for reconsideration may be filed in a criminal case. *U.S. v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). The Court finds and rules, however, that Defendant has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration. A motion for reconsideration is appropriate to be granted only when: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).

Fatal to the Defendant's motion is that nothing new has been supplemented to the record either by Defendant's motion or otherwise to warrant reconsideration of the Memorandum Opinion and Order of July 14, 2010. Instead, Defendant's Motion simply reargues matters raised in the initial briefing in this case and which were addressed in detail by the Court in its Memorandum Opinion and Order. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

The Court has considered the arguments advanced by the Defendant in her Motion for Reconsideration and finds, for the reasons set forth in the original Memorandum Opinion and Order of Court, that Defendant's contentions are without merit.

Accordingly, it is **ORDERED** on this 21st day of July, 2010, that Defendant's Motion for Reconsideration of Memorandum Opinion and Order of Court at Doc. No. 218 Denying Defendant's Motion to Suppress Jail Tapes (*Document No. 221*) is hereby **DENIED.**

BY THE COURT:

<u>s/ Terrence F. McVerry</u>
United States District Court Judge


cc: Troy Rivetti,
Assistant United States Attorney
Email: Troy.Rivetti@usdoj.gov

Donovan Cocas,
Assistant United States Attorney
Email: Donovan.Cocas@usdoj.gov

Bruce J. Teitelbaum,
Assistant United States Attorney
Email: Bruce.Teitelbaum@usdoj.gov

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic, Esquire
McCamic, Sacco, Pizzuti & McCoid, PLLC
Email: jtmccamic@mspmlaw.com