**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2: 09-cr-00005 |
| v. ) | |
| ) | |
| CHRISTINA MARIE KORBE ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court for disposition is the MOTION TO PRECLUDE ARGUMENT, EXAMINATION OF WITNESSES, OR ATTEMPTS TO INTRODUCE EVIDENCE OF OFFICERS' COMPLIANCE OR NON-COMPLIANCE WITH LAW ENFORCEMENT RULES, POLICIES, OR PROTOCOLS IN THE EXECUTION OF WARRANTS filed by the government (Document No. 269), the INITIAL RESPONSE TO GOVERNMENT'S MOTION filed by Defendant, Christina Marie Korbe (Document No. 276), the MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE EVIDENCE filed by Defendant (Document No. 280), the REPLY filed by the government (Document No. 296), the RESPONSE TO GOVERNMENT'S REPLY filed by Defendant (Document No. 312), and ATTACHMENT FILED UNDER SEAL filed by Defendant (Sealed Document No. 330).

The Court acknowledges that resolution of this issue is contentious and the determination could have a significant impact on the evidence that either or both parties offer at trial. The Court appreciates the attorneys having presented and argued the issue skillfully and effectively. After due and deliberate consideration of the filings, both in support and in opposition, as well as the relevant case law and the applicable Rules of Evidence, the Court concludes that evidence of police standard operating procedures and police training or violations thereof is not relevant to

1

the pertinent inquiry of whether Defendant acted in self defense. Moreover, even if the Court were to find that such evidence had some relevance and probative value, any such probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. The government's motion, therefore, will be granted.

## Factual and Procedural Background

This criminal case arose out of the tragic shooting of FBI Special Agent Samuel Hicks ("Hicks") on November 19, 2008. Early in the morning on that date, Hicks and other law enforcement officers were attempting to execute an arrest warrant for Robert Ralph Korbe at the family home, which he shared with his wife, Christina Korbe ("Defendant" or "Korbe") and their two young children. The arrest of Robert Korbe was part of a larger, coordinated "takedown" plan, which was designed to simultaneously arrest numerous targets of a wiretap investigation. Defendant admits that she shot Hicks, but asserts self defense and defense of her small children.

The Superseding Indictment charges Defendant, *inter alia*, with the following crimes, which arise out of the shooting: Murder of a Federal Officer (Count One), Assault of a Federal Officer Through the Use of a Dangerous Weapon (Count Two), and Using, Carrying, and Discharging a Firearm During and in Relation to a Crime of Violence and Possessing said Firearm in Furtherance Thereof (Count Three).[1] According to Defendant, the "crux" of her self defense claim is that "[s]he mistook the police for malevolent intruders and fired one shot in self defense." Defendant intends, "through cross examination, presentation of substantive evidence and argument that police conduct at her home at 6:00 a.m. on a cold, dark November morning, was insufficient to warn the occupants of police presence." Memo. of Law, at 2.

---

[1] In addition to charges arising out of the shooting, Defendant is charged with drug and firearm offenses in the nine-count Superseding Indictment.

2

## Legal Analysis

The government asks the Court to enter an Order precluding counsel for Defendant from making any argument, examining witnesses and/or attempting to introduce evidence during the trial of the entry team's purported compliance and/or non-compliance with law enforcement rules, policies, or protocols in connection with the execution of the arrest warrant for Robert Korbe on November 19, 2008. Defendant strongly opposes the motion and argues that "[t]o deny her the ability to pursue the sufficiency of police conduct to warn the occupants of police presence, through an exploration of proper police practice and procedure, will deny her the right to a fair trial."

Defendant's right to a fair trial is, and always has been, paramount in the Court's rulings in this matter. However, as explained *infra,* the Court finds that "an exploration of proper police practice and procedure" is not relevant evidence under either Federal Rule of Evidence 401 or 702. In the alternative, if the evidence has a degree of relevance, it would still not be admissible under Federal Rule of Evidence 403 as the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and would mislead the jury.

A. *Federal Rule of Evidence 401*

During the course of the trial, it is anticipated that the government will present testimony that law enforcement officers yelled, "police, police" numerous times at the front door of the Korbe residence. Defendant seeks to offer testimony that yelling "police, police" was not sufficient to inform her of police presence and "will further rebut the government evidence by showing that under the circumstances the training and best practices relating to dynamic entries

3

as it applied to the circumstances at the Korbe home indicated that a dynamic entry should not have been conducted and that other means were necessary, *i.e.,* "Surround and call out," to inform the occupants of police presence." Initial Response at 2.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Court finds that the Defendant's proffered evidence is not relevant for the following reasons.

First, the subject matter of the testimony, the compliance and/or non-compliance by officers with law enforcement rules or protocols, would mislead the jury and create the impression that Defendant's criminal responsibility for the death of Hicks is to be contingent upon the conformity of the entry team, as well as Hicks, to standard arrest procedures. The actions of the officers may be relevant to Defendant's self-defense, but the Court finds that whether the officers followed proper police procedure during entry into the Korbe residence neither proves nor disproves any material fact at issue.

Next, Defendant cites no authority to support the admissibility of evidence relating to police procedures. In any event, the Court finds that the evidence relevant to Defendant's self-defense claim is her perception of the officers' actions that morning, not whether the officers followed proper procedure in executing the arrest warrant. *See United States v. Wilk*, 572 F.3d 1229, 1235 (11th Cir. 2009).

In conclusion, the Court finds that argument, examination of witnesses, or attempts to introduce evidence of police compliance or non-compliance with law enforcement rules, policies, or protocols in the execution of arrest warrants, especially as it relates to the entry team's purported compliance and/or non-compliance with law enforcement rules, policies, or

4

protocols in connection with the execution of the arrest warrant for Robert Korbe on November 19, 2008, is not relevant under Federal Rule of Evidence 401.

B.  *Federal Rule of Evidence 403*

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed.R.Evid. 403. Assuming *arguendo*, that evidence of police compliance or non-compliance with law enforcement rules, policies, or protocols is relevant, the Court finds that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and by misleading the jury. Even with testimony from Defendant herself that she thought she was being "home invaded," police protocols and practices, simply have nothing to do with this case. There is nothing in the record from which the Court could conclude that Defendant could possibly have known what the proper police protocol was or how an entry should be made.

For these reasons, after balancing the probative value of and the need for the evidence against the harm likely to result from its admission, the Court finds and rules that argument, examination of witnesses, or attempts to introduce evidence of officers' compliance or non-compliance with law enforcement rules, policies, or protocols in the execution of arrest warrants is not admissible under Federal Rule of Evidence 403.

C.  *Federal Rule of Evidence 702*

Properly qualified expert witnesses may testify regarding their specialized knowledge in a given field if it would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. However, an expert opinion cannot be used as a substitute for the

Defendant's testimony that she was not aware that police officers had entered her home and/or that she thought she was being invaded by malevolent intruders. Further, the court may exclude expert opinion, even if relevant, if its probative value is substantially outweighed by danger of confusion of the issues or misleading the jury.

The touchstone of the Rule 702 analysis looks to the "relevance and reliability" of the scientific testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591-94 (1993). Furthermore, Federal Rule of Evidence 704(b) instructs as follows:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed. R. Evid. 704(b).

To permit an expert to opine on whether alternative police procedures, such as "surround and call out," would have informed Defendant of police presence in effect would be permitting Defendant's expert witness to comment on the Defendant's mental state or condition. Such evidence would be intended squarely at establishing the reasonableness of Defendant's actions. The issue of reasonableness is generally not a proper subject for expert testimony because "the question of reasonableness is quintessentially a matter of applying the common sense and the community sense of the jury to a particular set of facts and, thus, it represents a community judgment." *Wells v. Smith*, 778 F. Supp. 7, 8 (D. Md. 1991). Because jurors are capable of determining whether the use of force in self-defense is reasonable, expert testimony bearing on that issue is generally not admissible. *See United States v. Ruoco*, 765 F.2d 983, 995 (11th Cir. 1985), *cert. denied*, 475 U.S. 1124 (1986).

In *Ruoco*, 765 F.2d 983, 995 (11th Cir. 1985), a case with striking similarities to this case, the United States Court of Appeals for the Eleventh Circuit affirmed the decision of the trial court to exclude expert testimony about the adequacy of the arrest procedure employed by the ATF in the case. The defendant, accused of killing ATF Special Agent Benitez, was prepared to present expert testimony concerning the adequacy of the arrest procedure the ATF employed in the case. The proffered testimony would have shown, allegedly, that the technique the decedent, Agent Benitez, used in attempting to arrest the defendant fell below all known standards of proper police conduct and increased the risk that the defendant would believe that Benitez was not what he purported to be and would harm him. The defendant maintained that such expert testimony would have supported his argument that he acted in self-defense on the mistaken belief that Benitez was a Mafia hit-man.

The district court rejected the defendant's arguments on the following three grounds. First, the court found that the subject matter of the testimony, the professional standard for an undercover arrest, was not relevant to defendant's subjective intent when Benitez sought to apprehend him absent evidence that Rouco knew of such professional standard at the time. Second, the expert's opinion that Rouco might have been confused or mistaken as to Agent Benitez' identity or that the average citizen might have expected Benitez to have acted differently in attempting to arrest Rouco would be valueless, as the expert could not offer anything beyond the understanding and experience of the average citizen. Finally, the district court found that such expert opinion would mislead the jury; it would create the impression that the defendant's criminal responsibility for Benitiz' murder was to be contingent upon Benitez' conformity to standard arrest procedure, *i.e.,* Benitez' lack of negligence. The appellate court

7

affirmed and found that each of the three reasons the district court gave for excluding the proffered expert witness testimony provided an adequate legal basis for the ruling.

Likewise, in the case at bar, absent testimony that Korbe herself knew of the appropriate professional standards used by police in executing arrest warrants, any proffered expert witness testimony on the issue is not relevant. Next, any expert opinion on the issue would be valueless, as the expert could not offer anything beyond the understanding and experience of the average citizen. Finally, any expert testimony in this area would create the impression that the Defendant's criminal responsibility for Hick's death was to be contingent upon the police officers' conformity to standard arrest procedures, *i.e.,* lack of negligence by the police on the morning on November 19, 2008.

For all these reasons, the Court finds that any proposed expert testimony in this regard would not "assist the trier of fact." Accordingly, the Court will exclude any proffered expert testimony about whether the officers followed proper police procedures and protocols during entry into the Korbe residence.

D.  *Argument and Evidence as to Defendant's Perception of the Officers' Actions*

As Defendant has stated, the crux of her self defense claim is that "[s]he mistook the police for malevolent intruders. . . ." In that regard, Defendant will have ample opportunity to present to the jury, whether through argument, evidence or her own testimony, that she was unaware of police presence at her home, that she did not know that the individuals entering her house on November 19, 2008 were police officers, and that the officers acted like "malevolent intruders" instead of police officers. Again, as explained *supra*, the relevant evidence to

8

Defendant's self-defense claim is her <u>perception</u> of the officers' actions that morning, <u>not</u> whether the officers followed proper procedure in executing the arrest warrant.

## Conclusion

For the above reasons, the Motion to Preclude Argument, Examination of Witnesses, or Attempts to Introduce Evidence of Officers' Compliance or Non-Compliance with Law Enforcement Rules, Policies, or Protocols in the Execution of Warrants filed by the Government will be granted.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2: 09-cr-00005 |
| v. ) | |
| ) | |
| CHRISTINA MARIE KORBE ) | |

## ORDER OF COURT

**AND NOW,** this 8th day of November, 2010, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Preclude Argument, Examination of Witnesses, or Attempts to Introduce Evidence of Officers' Compliance or Non-Compliance with Law Enforcement Rules, Policies, or Protocols in the Execution of Warrants filed by the Government is **GRANTED**.

Accordingly, it is **ORDERED** that counsel for Defendant is precluded from making argument, examining witnesses and/or attempting to introduce evidence during the trial of this matter of the entry team's purported compliance and/or non-compliance with law enforcement rules, policies, or protocols in connection with the execution of the arrest warrant for Robert Korbe on November 19, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Troy Rivetti,
Assistant United States Attorney
Email: Troy.Rivetti@usdoj.gov

Donovan Cocas,
Assistant United States Attorney
Email: Donovan.Cocas@usdoj.gov

Bruce J. Teitelbaum,
Assistant United States Attorney
Email: Bruce.Teitelbaum@usdoj.gov

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic, Esquire
McCamic, Sacco, Pizzuti & McCoid, PLLC
Email: jtmccamic@mspmlaw.com