IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 09-05 |
| v. | ) |
| | ) |
| CHRISTINA MARIE KORBE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Addressed in this Memorandum Order are DEFENDANT'S MOTION IN LIMINE # 1 PRIOR DRUG POSSESSION, USE, ETC. (Document No. 316), DEFENDANT'S MOTION IN LIMINE # 10 PERSONAL USE AND DISTRIBUTION OF COCAINE WITHOUT COMPENSATION (Document No. 325), and DEFENDANT'S MOTION IN LIMINE # 11 PRIOR BAD ACTS OF MR. AND MRS. KORBE (Document No. 326). The government has filed a response in opposition to the motions (Document No. 332), Defendant has filed a reply as to "drug evidence" (Document No. 333) and the motions are ripe for disposition.

This criminal case arose out of the tragic shooting of FBI special agent Samuel Hicks on November 19, 2008. On that date, Hicks and other law enforcement officers were attempting to execute an arrest warrant on Robert Ralph Korbe at the family home, which he shared with his wife, Christina Korbe ("Defendant" or "Korbe") and their two young children. Christina Korbe admits that she shot agent Hicks, but has a "strong interest in pursuing self defense and defense of her small children" regarding his death.

On March 19, 2009, a grand jury returned a Superseding Indictment which asserts the

1

following charges against Christina Korbe:

Count I: that she, with malice aforethought, did kill Samuel Hicks, special agent of the FBI, while he was engaged in his official duties, in violation of 18 U.S.C. §§ 1111 and 1114;

Count II: that she knowingly and by means and use of a deadly or dangerous weapon (a Taurus revolver), did forcibly assault, resist, oppose, impede, intimidate, and interfere with Samuel Hicks, special agent of the FBI, while he was engaged in his official duties, in violation of 18 U.S.C. §§ 111(a)(1) and (b);

Count III: that she knowingly did use and carry and discharge a firearm (a Taurus revolver), during and in relation to a crime of violence, that being the murder and assault of Samuel Hicks as alleged in Counts I and II, and knowingly did possess said firearm in furtherance of said crimes of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (iii);

Count IV: that she did aid and abet the possession of a firearm (a Taurus revolver), by a convicted felon, that is, her husband, Robert Ralph Korbe, in that on or about November 19, 2008, Robert Ralph Korbe, after having been convicted of three drug-related felony offenses in state court, did knowingly possess the Taurus revolver, in violation of 18 U.S.C. §§ 2, 922(g)(1) and 924(e).

Count V: from 1990-2008, that she conspired with persons known and unknown to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846;

Count VI: on November 19, 2008, that she knowingly, intentionally and unlawfully possessed with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2;

Count VII: on November 19, 2008, that she knowingly, intentionally and unlawfully possessed with intent to distribute a quantity of [powder] cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2;

Count VIII: on November 19, 2008, that she knowingly used, carried and discharged a firearm (a Taurus revolver), during and in relation to a drug trafficking crime – namely, the offenses charged in Counts 5-7, and possessed said firearm in furtherance of said drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and (iii); and

Count IX: on November 19, 2008, as an unlawful user of a controlled substance – namely, cocaine and vicodin – that she knowingly possessed in and affecting interstate commerce a firearm (a Taurus revolver), in violation of 18 U.S.C. § 922(g)(3).

In Motion in Limine #1, Korbe seeks to preclude the government and its agents from introducing into evidence or "otherwise commenting in any nature or fashion whatsoever regarding any alleged prior arrest, possession or use of cocaine by Ms. Korbe." Defendant contends that but for "sharp grand jury practice" (i.e., the assertion of Counts V through IX in a Superseding Indictment), such evidence would not be admissible and she asks the Court to reconsider its opinion regarding severance of counts. In Motion in Limine # 10, Defendant seeks a somewhat narrower ruling that the government and its agents be precluded from introducing any evidence or commenting that alleged "personal use distributions" of drugs by Ms. Korbe to witnesses were made in furtherance of the alleged conspiracy. In essence, Defendant argues that the alleged sharing of small amounts of cocaine with friends indicates, at most, that Ms. Korbe was a cocaine user rather than a cocaine trafficker such that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. In Motion in Limine # 11, Defendant seeks to prohibit the government from introducing evidence or commenting regarding any "prior bad acts" committed by Robert or Christina Korbe. Specifically, Defendant seeks to preclude the government from eliciting testimony regarding: (1) Defendant's efforts to assist her husband to avoid scrutiny and/or to escape prosecution; (2) any affirmative steps taken by Defendant, such as issuing threats, in an effort to protect cocaine distribution activities from detection and/or prosecution; (3) Defendant's warnings to Robert Korbe as to persons whom she believed were cooperating with law enforcement; (4) Defendant's repeatedly driving past the residence of a person whom she believed to be a cooperator, yelling threats; (5) evidence regarding Robert Korbe's arrest in May 2008, his altercation with law enforcement, and the use of a taser on him; (6) Robert Korbe's charges from the May 2008 incident and his guilty pleas to all

3

state charges; (7) Robert Korbe's contacts and conversations with a private investigator; and (8) Christina Korbe's contacts and conversations with a private investigator.[1] Defendant argues that such evidence is irrelevant to the charges set forth in the Superseding Indictment and will serve only to inflame the jury.

The government opposes these motions, and characterizes them as an attempt to revisit Defendant's motion to sever counts. After the Court granted Defendant's motion for a Bill of Particulars as to the alleged drug conspiracy, the government provided Notice to Defendant of the type, manner and means of her alleged participation in the conspiracy (Sealed Document No. 216). The government contends that the evidence as to Defendant's use and possession of cocaine, as outlined in the Notice, is relevant and probative to the crimes charged in the Superseding Indictment, and particularly to the alleged drug conspiracy. The government argues that the crime of conspiracy can be proven by circumstantial evidence and that Defendant's agreement to join the alleged conspiracy can be inferred by her conduct. As to Defendant's argument regarding "personal use distributions" of cocaine, the government cites Third Judicial Circuit Model Criminal Jury Instruction 6.21.841-2 for the proposition that "distribution" of drugs "includes a transfer without any financial compensation, such as a gift or trade." More generally, the government contends that its evidence is not an improper attempt to establish the prior bad acts or bad character of Defendant, but to the contrary, constitutes the conduct which establishes Ms. Korbe's commission of the crimes charged in the Superseding Indictment.

---

[1] Defendant suggests that such communications "may be" privileged pursuant to Fed. R. Evid. 501 "depending upon the status of their attorney representation at the time." However, Defendant has not directly asserted this privilege.

4

As a preliminary matter, at Defendant's request the Court has reconsidered its decision regarding severance of counts. Upon reflection, the Court remains convinced that exercise of its discretion to sever counts for trial is neither necessary nor appropriate, for the reasons stated in its Memorandum Opinion and Order of June 9, 2010 (Document No. 200).

"Conspiracy" is a criminal offense separate and apart from the underlying drug distribution offenses that were the alleged objectives of the conspiracy in this case. It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a type of criminal partnership. In order to establish the crime of conspiracy to distribute and possess with intent to distribute a controlled substance, the jury in this case will be instructed that the government must prove each of the following elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance;

2. That Defendant was a party to, or member of, that agreement; and

3. That Defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy. The government does <u>not</u> have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government must prove that Defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending

5

to achieve the common goals or objectives and to work together with the other alleged conspirator(s) toward those goals or objectives. However, the government does <u>not</u> have to prove that Defendant knew everything about the conspiracy or played a major or substantial role in the conspiracy. On the other hand, evidence which shows that Defendant only knew about the conspiracy, or only kept "bad company" by associating with member(s) of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that she was a member of the conspiracy even if she approved of what was happening or did not object to it. The acts or statements of <u>any</u> member of a conspiracy are treated as the acts or statements of <u>all</u> the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy. Therefore, the jury may consider as evidence against a Defendant any acts done or statements made by <u>any</u> members of the conspiracy, during the existence of and to further the objectives of the conspiracy. The jury may consider these acts and statements even if they were done and made in Defendant's absence and without her knowledge. *See generally* Third Circuit Model Criminal Jury Instructions.

With this background, the Court turns now to the pending motions in limine. The relief requested by Defendant is substantially overbroad. The government is certainly entitled to present evidence and argument as to each and every charge which the grand jury returned against Defendant in the Superseding Indictment, including the drug conspiracy in Count V.

In *United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002), the Court of Appeals for the Third Circuit explained that Rule 404(b) does not apply to evidence which is "intrinsic" to the charged offense, i.e., to acts which "directly prove the charged conspiracy." In *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010), the Court of Appeals further explained that Rule 404(b)

6

does not apply to evidence bearing on the crime charged in the indictment because such evidence does not relate to an "other" crime. *Id.* at 249. The Court stated: "Evidence that constitutes the very crime being prosecuted is not [bad acts evidence]." *Id.* at 247.[2] Accordingly, evidence regarding the acts which constitute commission of the alleged drug conspiracy will be admissible. The Court agrees with the government that the term "distribution" of cocaine includes "personal use" amounts given as gifts or in trade. Such evidence is not inadmissible merely because Christina Korbe did not receive money in exchange for the alleged distribution(s). *See United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991) (defendant's personal use of cocaine with others involved in a drug trafficking ring was "intrinsic" and was admissible to prove that he knew about and knowingly participated in the drug conspiracy).

Even if the evidence is not "intrinsic," it may still be admissible under Rule 404(b). In *Green*, the Court of Appeals for the Third Circuit observed that Rule 404(b) is "inclusionary" in that it states a "general rule of admissibility, subject to a single exception-evidence of other wrongful acts was admissible so long as it was not introduced *solely* to prove criminal propensity." 617 F.3d at 244 (emphasis in original). In *Cross*, 308 F.3d at 320-21, the Court of Appeals outlined the proper test: "To satisfy Rule 404(b), evidence of other acts must (1) have a proper evidentiary purpose, (2) be relevant under Rule 402, (3) satisfy Rule 403 (i.e., not be substantially more prejudicial than probative), and (4) be accompanied by a limiting instruction, when requested." In summary, Defendant's broad requests to preclude any testimony or argument whatsoever regarding Ms. Korbe's drug use, "personal use distributions," or the prior

---

[2] Extrinsic evidence must be analyzed under Rule 404(b); the government must disclose its intent to use such evidence and identify its non-propensity purpose; and the Court must give a limiting instruction upon request. *Green*, 617 F.3d at 249.

conduct which comprises the alleged drug conspiracy will be denied.

Nevertheless, it would be premature to rule on the potential admissibility of alleged Rule 404(b) evidence until such evidence is actually proffered in the context of a trial. *United States v. Thomas*, 2009 WL 4015420 (W.D. Pa. 2009).  Defendant will be permitted to interpose appropriate objections under Rule 401 (relevance), Rule 403 (probative value substantially outweighed by unfair prejudice) and/or Rule 404 as warranted during the presentation of specific evidence at trial.  The Court is skeptical, for example, that Robert Korbe's altercation with Sharpsburg police officers in May 2008 or the officers' use of a taser in subduing him would be pertinent to the charges pending against Ms. Korbe.  Such issues must await the development of an appropriate context at trial.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 09-05 |
| v. | ) |
| | ) |
| CHRISTINA MARIE KORBE, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW this 8th day of November, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT'S MOTION IN LIMINE # 1 PRIOR DRUG POSSESSION, USE, ETC. (Document No. 316), DEFENDANT'S MOTION IN LIMINE # 10 PERSONAL USE AND DISTRIBUTION OF COCAINE WITHOUT COMPENSATION (Document No. 325), and DEFENDANT'S MOTION IN LIMINE # 11 PRIOR BAD ACTS OF MR. AND MRS. KORBE (Document No. 326) are **DENIED** without prejudice to Defendant's ability to raise appropriate objections to specific evidence as proffered during trial.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com
Jay T. McCamic, Esquire
Email: jtmccamic@mspmlaw.com

Troy Rivetti, AUSA
Email: Troy.Rivetti@usdoj.gov
Bruce J. Teitelbaum, AUSA
Email: bruce.teitelbaum@usdoj.gov
Donovan Cocas, AUSA
Email: Donovan.Cocas@usdoj.gov