IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:09-cr-05 |
| | ) | |
| CHRISTINA MARIE KORBE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending now before the Court is GOVERNMENT'S MOTION IN LIMINE REGARDING RULE 106 OF THE FEDERAL RULES OF EVIDENCE (Doc. No. 274), and Defendant's response in opposition (Doc. No. 313). Also pending is DEFENDANT'S SECOND MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER OF COURT AT DOC. NO. 218 DENYING DEFENDANT'S MOTION TO SUPPRESS TAPE RECORDED TELEPHONE CONVERSATIONS FROM THE ALLEGHENY COUNTY JAIL AND THE CAMBRIA COUNTY PRISON (Doc. 314), DEFENDANT'S NOTIFICATION OF INTENTION TO USE CERTAIN UNASCERTAINED JAIL CALLS UNDER THE RELEVANT HEARSAY EXCEPTIONS (Doc. No. 315), the Government's opposition to Defendant's second motion for reconsideration (Doc. No. 331), DEFENDANT'S MOTION IN LIMINE # 8 RECORDED PHONE CALLS (Doc. No. 323), and the Government's omnibus response to Defendant's motions in limine, which includes the response in opposition to Defendant's motion in limine regarding the recorded phone calls (Doc. No. 332). To the extent that rulings can be made prior to trial, the motions are ripe for disposition. The sequence of the Court's analysis will follow that in which the evidence would otherwise be offered during the course of a trial and thereby considered in terms of its admissibility.

    1.    <u>Defendant's Motion in Limine # 8 - Recorded Telephone Calls (Doc. No. 323)</u>

The Court begins with Defendant's motion in limine to prohibit the introduction by the government of six portions of telephone calls made by her during the time in which she was

incarcerated following her arrest on November 19, 2008. *See* Doc. No. 323. This motion stems from the government's notification of its intention to introduce six particular portions of telephone calls made by Defendant from either the Allegheny County Jail or the Cambria County Prison between November 20, 2008, and November 29, 2008, filed at Doc. No. 273. Within that notification, the government specifically identified the portions which it intends to introduce at trial during its case-in-chief, provided a description of the content of those portions, and articulated the respective bases for the admissibility of those portions. *Id*. In response, Defendant has indicated evidentiary objections for each portion to be posed at the time they are offered at trial. *See* Doc. No. 313. Defendant has moved in limine to prohibit the introduction of those telephone calls on the grounds that the content of those telephone calls are not relevant and, therefore, not admissible under Fed.R.Ev. 401 and 402, and that even if the evidence is admissible, its probative value is substantially outweighed by the danger of unfair prejudice and should be excluded in accordance with Fed.R.Evid. 403. Doc. No. 323.

As part of its omnibus response to Defendant's various motions in limine, the government opposes the Defendant's motion in limine regarding the recorded telephone calls, averring that the six portions of the recorded phone calls are relevant and admissible, and further that they would not be introduced for the purpose of inflaming the jury. *See* Doc. No. 332 at 19. The government further references the evidentiary bases for the admissibility for those recorded calls, as previously articulated in its notification. *Id*.

As the Court does not have the actual content of the subject portions of the recorded calls before it at this point, nor has it been asked to determine the pre-admissibility for those portions, no determination as to admissibility is appropriate at this stage. While Defendant's objections are well taken, particularly her concern that a portion of the proffered telephone calls may be character evidence sought to be introduced for the purpose of proving action in conformity therewith (*see* Doc. No. 313, citing Fed.R.Evid. 404(a)), the fact is that the specific evidence, and perhaps more importantly, the context in which that specific evidence is to be proffered, is not

2

before the Court. As such, a determination to either admit or limit such evidence cannot be made. The Court will note Defendant's motion in limine, and the government's response thereto, and will defer ruling until such time as the evidence is proffered into evidence by the government during its case-in-chief.

    2.    <u>Government's motion in limine regarding Fed.R.Evid. 106 (Doc. No. 274)</u>

Contemporaneous with the government's notification of the portions of recorded calls it intends to introduce (Doc. No. 273), it moved under Federal Rule of Evidence 106 to limit the introduction of any additional portions of those six phone calls that are not necessary to either 1) explain the admitted portion of the phone calls, 2) place the admitted portions of the phone calls in context, 3) avoid misleading the trier of fact, or 4) insure a fair and impartial understanding of the admitted portions. *See* Doc. No. 274 (referencing the standard articulated by the Court of Appeals for the Third Circuit in <u>United States v. Hoffecker</u>, 530 F.3d 137, 192 (3d Cir., 2008)). The government's motion in limine is prophylactic in nature, as neither the Government nor the Court has been notified what additional portions of the proposed recorded calls Defendant intends to offer. *See* Doc. No. 274. Defendant responds that she fully understands the limits of admissibility under Rule 106 and the test for admissibility articulated in <u>Hoffecker</u>. Doc. No. 313. In light of those limits, Defendant indicates that she will seek to introduce specific portions of those same telephone calls which meet the standards of admissibility. *Id.*

Given the fact that it would be premature to rule upon the admissibility of the portions of the six recorded telephone calls sought to be introduced in the government's case-in-chief, it naturally follows that any ruling with respect to the government's motion in limine to limit the introduction of additional portions of phone calls pursuant to Fed.R.Evid. 106 (Doc. No. 274) would also be premature at this stage. As to the admissibility of any additional portions of the recorded calls offered by the Defendant under Rule 106, the court notes the following standard by which it will consider the issue, which is the same standard correctly acknowledged by both parties: additional portions of a recording may be played "if it is necessary to (1) explain the

3

admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *See* Doc. Nos. 274 at 4 and 313 at 4 (each citing Hoffecker, 530 F.3d at 192)(internal citations omitted). Beyond that, the Court will defer ruling on the government's motion to limit to admissibility of additional portions of the previously identified telephone call recordings.

      3.      "Defendant's Notification of Intention to Use Certain Unascertained Jail Calls Under the Relevant Hearsay Exceptions" (Doc. No. 315)

Somewhat related to the issue regarding the admissibility of those portions of recordings identified by the government, Defendant has notified the Court of her intention to offer portions of altogether different recorded telephone calls also made by her while she was incarcerated. Doc. No. 315. Defendant does not specifically identify the portions that she would seek to admit. Instead, she generally argues that she "reserves the right to respond and to introduce additional jail calls or other evidence", yet she contends that she cannot know for certain what portions of what calls will be necessary until after the government presents its case-in-chief. *Id.* at 2. As part of that notification, Defendant avers that the grounds for the admissibility of the calls upon evidentiary exceptions and or exclusions to the rule precluding the admission of hearsay. *Id.* at 3 - 8.

In response, the government objects to this "notification" on the basis that Defendant has an obligation under Rule 16(b)(1) of the Federal Rules of Criminal Procedure to disclose the evidence she intends to introduce during her case-in-chief, and that such an open-ended notification does not satisfy this requirement. Doc. No. 332 at 3; *see also*, Doc. No. 205 at 3. The government also notes that on September 9, 2010, Defendant moved for an extension of time in which to file a motion in limine for a determination of the pre-admissibility of those telephone calls she intends to introduce at trial during her case-in-chief. *Id.*; *see also* Doc. No. 290. To that end, the government notes that Defendant requested an extension of time until September 27, 2010 to file a motion in limine specifically on this issue, justifying the request on the basis that the additional period of time was needed "to thoroughly review the hundreds of hours of

4

recorded conversations from the Allegheny County Jail and the Cambria County Prison and identify exactly those calls and portions of those calls the Defendant wishes to admit." Doc. No. 290 at ¶ 3. The motion for the extension of time was granted on September 10, 2010. Doc. No. 294. At the conclusion of the extension of time however, Defendant filed the aforementioned notice of her intention to offer portions of phone calls which have not yet been determined, as opposed to filing a motion in limine for the admission of any particular recorded jail telephone call during her case-in-chief. *See* Doc. No. 315.

The government's objection is well-taken. As Defendant undoubtedly knows, she has a reciprocal discovery obligation particularly with respect to evidence that she knows she intends to introduce during her case-in-chief. As such, in the event that Defendant intends to use any portions of the recorded telephone conversations beyond those that would be sought to be admitted under Fed.R.Ev. 106 in response to those six portions already identified by the government, she is required to move in limine for the admissibility of those portions of phone conversations that she intends to introduce in her case-in-chief.

The Court notes that which distinguishes the need for a pre-trial determination of admissibility of Defendant's use of recorded telephone calls during her case-in-chief as compared to not requiring the same with respect to the government's use of recorded telephone calls during its case-in-chief. The government has specifically identified certain portions of telephone calls made by Defendant which it intends to offer as admissions by Defendant, which are by definition, excluded from the definition of hearsay. *See* Fed.R.Evid. 801(d)(2). To be clear, the Court is not pre-admitting the six portions identified by the government at this stage. It is only making a determination that there appears to be no hearsay objection which requires a determination before trial. It is an altogether different matter when the declarant of the out of court statement, in this case Defendant, is also the proponent of the statement. With the notification of her intention to use yet-to-be identified portions of her own recorded telephone calls, Defendant generally avers that such statements may be exclusions from the definition of

5

hearsay, as they would not be offered for the truth of the matter asserted, or that certain statements would be exceptions to the rule prohibiting hearsay. Unlike the government's notification, however, it is not readily apparent from Defendant's description that the recorded statements which she intends to offer into evidence during her case-in-chief would be excluded from the definition of inadmissible hearsay. Given the fact that an apparent hearsay objection exists with respect to Defendant's referenced intention to use her own out-of-court statements, coupled with her reciprocal obligation of discovery, the Court will require Defendant to move in limine for the admissibility of those portions of her own recorded telephone conversations which she would seek to offer during her case-in-chief. The Court notes that this will require nothing more from Defendant beyond that which she indicated she would provide by September 27, 2010, but has not yet done so, when she moved for an extension of time within which to file her motion in limine for the admission of the recorded telephone calls on September 9, 2010. *See* Doc. No. 290.

    4.  <u>Defendant's second motion for reconsideration regarding her motion to suppress the admission of her tape recorded telephone conversations (Doc. No. 314).</u>

Defendant has renewed her motion for reconsideration of the Court's memorandum opinion and order which denied her motion to suppress the telephone conversations that were recorded from the Allegheny County Jail and the Cambria County Prison. Doc. No. 314.

On February 9, 2010, Defendant filed a Motion to Suppress Tape Recorded Telephone Conversation from the Allegheny County Jail and the Cambria County Prison. *See* Doc. No. 90. The government opposed the motion on April 26, 2010. *See* Doc. No. 158. On May 18, 2010, Defendant filed a reply to the government's opposition (Doc. No. 184), to which the government responded (Doc. No. 190). An evidentiary hearing on the motion was conducted on June 7, 2010. *See* June 7, 2010 Text Minute Entry; *see also*, Doc. No. 197 (exhibit list), Doc. No. 198 (witness list), and Doc. No. 208 (transcript of the hearing). On June 23, 2010, Defendant filed her supplemental brief in support of her motion to suppress. *See* Doc. No. 217.

On July 14, 2010, the Court issued its Memorandum Opinion and Order in which

Defendant's motion to suppress was denied. Doc. No. 218, 2010 WL 2776337. The Court made detailed findings of fact based on the evidence presented on behalf of and in opposition to the motion. On July 20, 2010, Defendant moved for reconsideration of the opinion and order which had denied her motion to suppress and reconsideration was denied on July 22, 2010. *See* Doc. Nos. 221 and 222.

On September 27, 2010, Defendant moved for reconsideration a second time, averring that new evidence exists to warrant a second hearing. Doc. No. 314. More particularly, Defendant avers that one of the government's witnesses provided false testimony during the hearing with respect to his employment background, particularly regarding an employment position and certification he claims to have acquired prior to beginning his employment with the Allegheny County Jail in 1988. *Id.* The government opposes Defendant's second motion for reconsideration, noting that the new evidence which underpins Defendant's motion is actually new evidence not on the fact determinations upon which the Court based its decision, but merely upon newly discovered impeachment evidence regarding a particular witness. *See* Doc. No. 331.

The Court's ruling which denied Defendant's motion to suppress the recorded telephone calls made by her while incarcerated was based upon a number of specific findings of fact and conclusions of law, the gamut of which will not be reiterated herein. Generally speaking, the Court found that the multiple sources of notice afforded to Defendant during her incarceration regarding the use of the inmate phone system evinced the finding that Defendant was fully apprised of the monitoring by prison officials and the F.B.I. of the phone calls she placed while incarcerated. *See generally*, Doc. No. 218. As the Court previously noted, Defendant's own words during at least one of the recorded phone calls acknowledged her understanding that the content of the call was being monitored by law enforcement personnel. *See* Doc. No. 218 at pp. 13-14.

It is important to note that the new evidence referenced by Defendant, if accepted at full value, at best, impeaches the character for truthfulness of a pertinent witness. It does not,

however, contravene any material facts presented, other than to factor into the degree of weight afforded to that witness's testimony. More importantly, the substantive facts of the inmate phone system at the Allegheny County Jail, about which the witness testified, is in no manner controverted by any record evidence nor would it have been with this new information. That is not to say that the Court considers the possibility that a witness perjured himself as to his background on the stand to be an issue to be taken lightly, it clearly is not. However, it does not change the outcome of the determination of the motion to suppress. There is no strong exculpatory connection between this new evidence regarding the professional qualifications or lack thereof of the witness and the evidence upon which the Court's decision was made, nor is the critical evidence upon which the Court's decision was made undermined by this potential impeachment. *Cf. U.S. v. Quiles*, 618 F.3d 383, 394 (3d Cir. Aug. 17, 2010)(in affirming the denial of a motion for a new trial based upon new evidence where the government's case relied heavily on the testimony of a witness against whom significant impeachment evidence was subsequently discovered, the Third Circuit held, "if there is a strong exculpatory connection between the newly discovered impeachment evidence and the charge against the defendant, or if the new evidence totally undermines critical evidence of the defendant's guilt, then the newly discovered impeachment evidence can serve as the basis for a new trial. But impeachment evidence which lacks this connection-evidence that is merely impeaching without an exculpatory connection with respect to the charge against the defendant or without undermining critical inculpatory evidence-will not suffice.") The pertinent evidence offered by the subject witness is unaffected by the new revelation of his lack of police officer certification.

**CONCLUSION**

For the reasons hereinabove stated, the Court will: defer ruling on Defendant's motion in limine #8 with respect to the recorded telephone calls (Doc. No. 323); defer ruling on the government's motion in limine pursuant to Fed.R.Ev. 106 to limit introduction of additional

8

portions of recorded telephone calls by Defendant (Doc. No. 274); and deny Defendant's second motion for reconsideration the Court's Memorandum Opinion and Order which denied the motion to suppress tape recorded telephone conversations from the Allegheny County Jail and the Cambria County Prison (Doc. No. 314).  Furthermore, Defendant will be required to file a motion in limine for the admission of recorded jail telephone conversations during her case-in-chief within fourteen (14) days of this Order.  An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>    )<br>    Plaintiff,    )<br>    v.    )<br>    )<br>CHRISTINA MARIE KORBE,    )<br>    )<br>    Defendant.    ) | 2:09-cr-05 |

## ORDER OF COURT

**AND NOW**, this 9th day of November, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1) DEFENDANT'S MOTION IN LIMINE # 8: RECORDED TELEPHONE CALLS (Doc. No. 323) and GOVERNMENT'S MOTION IN LIMINE REGARDING RULE 106 OF THE FEDERAL RULES OF EVIDENCE (Doc. No. 274), are **DEFERRED TO TRIAL**; and,

2) DEFENDANT'S SECOND MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER OF COURT AT DOC. NO. 218 DENYING DEFENDANT'S MOTION TO SUPPRESS TAPE RECORDED TELEPHONE CONVERSATIONS FROM THE ALLEGHENY COUNTY JAIL AND THE CAMBRIA COUNTY PRISON (Doc. No. 314) is **DENIED**.

It is further **ORDERED**, that Defendant shall file her motion in limine for admission of recorded jail telephone conversations as part of her case in chief on or before November 23rd, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     Caroline M. Roberto, Esquire
        Email: croberto@choiceonemail.com

        Jay T. McCamic, Esquire
        Email: jtmccamic@mspmlaw.com

        Troy Rivetti, AUSA
        Email: Troy.Rivetti@usdoj.gov

        Bruce J. Teitelbaum, AUSA
        Email: Bruce.Teitelbaum@usdoj.gov

        Donovan Cocas, AUSA
        Email: Donovan.Cocas@usdoj.gov