IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:09-cr-05 |
| | ) | |
| CHRISTINA MARIE KORBE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION IN LIMINE #3: DEMEANOR OF DEFENDANT (Doc. No. 318), GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE (Doc. No. 332) which includes the government's response in opposition to Defendant's Motion in Limine #3, and DEFENDANT'S REPLY TO THE GOVERNMENT'S OMINBUS RESPONSE RE: DEFENDANT'S MOTIONS IN LIMINE (Doc. No. 333). The issues have been fully briefed and the motion is ripe for disposition.

Defendant moves to limit the introduction into evidence "or otherwise making reference to, suggesting, eliciting testimony from any witness or otherwise commenting in any nature or fashion whatsoever regarding their interpretation as to what they have alleged to be the inappropriate behavior or demeanor during a time soon after the shooting of Samuel Hicks, up to and including the time of her incarceration up to and including the trial of this matter." Doc. No. 318. Beyond that relatively broad request for relief, Defendant references a particular episode that occurred shortly after the shooting on November 19, 2008 in the basement of her residence, the subject of which was the basis for a previous motion to suppress evidence. Apparently, Defendant was taken into custody soon after the shooting, and was moved to the basement of the house. She and her children were present in the basement, and were being monitored by Pennsylvania State Parole Officer Thomas Pekar. *See* Doc. No. 92, DEFENDANT'S MOTION TO SUPPRESS NOVEMBER 19, 2008 STATEMENT TO LAW ENFORCEMENT OFFICERS

WHILE DETAINED AT HER RESIDENCE at ¶ 3[1]; *see also* Doc. No. 160, government's response in opposition to Defendant's motion to suppress her statements while detained in her basement. At some point, "Officer Pekar observed Korbe laughing about something that her son apparently had done. In light of the circumstances and in response to the laughter, Officer Pekar stated to Korbe, 'Do you realize that someone is dead? Someone died in your home.' Korbe responded, 'Don't talk to me.'" *See* Doc. No. 160. It is her demeanor and reaction during this particular episode that Defendant seeks to limit.

The government opposes Defendant's motion and indicates that it will present evidence that Defendant's behavior and demeanor after she allegedly shot and killed FBI Special Agent Hicks "was completely inconsistent with her claim of self-defense. [Defendant] never exhibited any shock, surprise, or regret when she observed that a law enforcement officer had been shot. And, after seeing the frantic efforts by law enforcement and medical personnel to attempt to save the life of Special Agent Hicks, she sat and joked in her basement with her children." Doc. No. 332 at p. 9.

At the outset, it is important to note the evidence which Defendant seeks to limit. Defendant's motion in limine is directed at character evidence, more specifically a particular kind of character evidence, that being her allegedly "inappropriate behavior and demeanor" on November 19, 2008. In terms of the factual circumstances, this much is clear, Defendant's purported behavior occurred after the shooting, after she had been detained by law enforcement and moved into the basement of her house with her children, during a period in which she was restrained under the supervision of a law enforcement official, and was reflected in her response to a comment by that official. However, by its very nature, the alleged evidence also has an interpretive aspect; this particular evidence has meaning only by way of the interpretation of that behavior at the time and in the setting in which it occurred. In other words, whether a person's

---

[1] At the time, Defendant's motion sought to suppress statements apparently made to Detective Robert Kavals and State Parole Officer Thomas Pekar while Defendant was detained in her basement following the shooting. Doc. No. 92. The Court notes that with her motion in limine, Defendant seeks to limit a subtle but distinctly different type of evidence, that of her demeanor, as opposed to any statements she allegedly made.

2

behavior or demeanor was "inappropriate" is in itself a determination made by a third party who witnessed the behavior and is ostensibly drawing upon a comparison with somewhat amorphous societal standards in terms of what is appropriate behavior or demeanor and what is not.

Given the potential weight afforded to it at trial, character evidence has its own set of evidentiary rules beyond the customary rules regarding relevance and admissibility. Federal Rule of Evidence 404 states in relevant part:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> > (1) Character of accused. In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution; …
>
> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of such evidence it intends to introduce at trial.

Fed.R.Evid. 404.

The Court considers the question as such: to what end does the challenged evidence serve if offered as part of the government's case-in-chief. The Court finds that evidence of Defendant's "inappropriate" demeanor in the basement following the shooting incident should not be admissible by the government in its case-in-chief as a "pertinent trait of character" offered under Fed.R.Evid. 404(a). Under the express language of Rule 404(a), the government's ability to introduce any such evidence does not trigger until some evidence of her own "pertinent character trait" has been offered by Defendant. Clearly, such a basis would not present itself during the government's case-in-chief, and should not therefore be admissible during that phase of the trial under Rule 404(a).

3

Similarly, the Court finds that this evidence should not be admissible as part of the government's case-in-chief under Fed.R.Evid. 404(b). Evidence of other crimes, wrongs or acts is admissible when relevant for a purpose other than for showing a predisposition to commit the charged crime, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b). However, for the reasons that follow, the Court finds that the challenged evidence does not satisfy the basis for admissibility under Rule 404(b) during the government's case-in-chief.

Here, the Court notes the difference between evidence offered as substantive evidence, as compared to that offered for the purpose of impeachment. At this stage, there appears to be little substantive basis for the "inappropriate demeanor" evidence during the government's case-in-chief beyond propensity evidence, specifically a propensity of hostility toward law enforcement, as demonstrated by an apparent lack of remorse, and/or a failure to appreciate the gravity of the situation. Even if this evidence was probative to counter a claim of self-defense by Defendant, as averred by the government in its response, any such use at this juncture would appear to be for the purpose of impeaching the credibility of such a claim as opposed to affirmatively demonstrating a 404(b) basis such as the absence of mistake or accident.[2] The Court notes that demeanor evidence is a relatively unique type of evidence that is inextricably intertwined with a determination of credibility, particularly a witness's character for truthfulness. *See generally United States v. Shonubi*, 895 F.Supp. 460, 480 (E.D.N.Y.1995)(citations omitted). The evidence of Defendant's demeanor while in her basement in reaction to the behavior of her child and thereafter to an unsolicited chastening by the law enforcement officer monitoring her at the time is not an "act" demonstrating an absence of mistake or accident so much as it is a reflection

---

[2] One treatise defines the absence of mistake or accident as: "The final exception listed in Rule 404(b), 'absence of mistake or accident,' is simply a special form of the exception that permits the use of other crimes to prove intent. In some applications it overlaps the exception for knowledge in that proof that the defendant was aware of the nature of an act at an earlier point in time makes it unlikely that he would have forgotten that information at the time of the charged crime. Often the absence of mistake or accident is proved on a notion of probability; i.e., how likely is it that the defendant would have made the same mistake or have been involved in the same fortuitous act on more than one occasion. The relevance of other crimes for this purpose depends very much on the nature of the act involved; one might inadvertently pass more than one counterfeit bill but two accidental shootings of the same victim seem quite unlikely." 22 Wright & Graham, Federal Practice and Procedure § 5247 at 517 to 18 (1978).

4

of Defendant's attitude or frame of mind. On balance, the Court has little problem in determining that any relevance or probative value of this evidence, to the extent that it would be introduced in the government's case-in-chief, is outweighed by the risk that such evidence is the kind of character evidence, namely character evidence offered to prove action in conformity therewith, that is precluded by Rule 404.

     An appropriate order follows.

                                                     McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:09-cr-05 |
| v. | ) | |
| CHRISTINA MARIE KORBE, | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 9th day of November, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that DEFENDANT'S MOTION IN LIMINE #3: DEMEANOR OF DEFENDANT (Doc. No. 318) is **GRANTED IN PART**. Said motion is **GRANTED** to the extent that the government is not permitted in its case-in-chief to introduce evidence which characterizes the demeanor of the Defendant as inappropriate while she was detained in her basement in the aftermath of the shooting. Beyond that, any additional ruling with respect to Defendant's motion is **DEFERRED** to be addressed to the extent it becomes necessary in the course of the trial.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

Cc: Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic, Esquire
Email: jtmccamic@mspmlaw.com

Troy Rivetti
Assistant United States Attorney
Email: Troy.Rivetti@usdoj.gov

Bruce J. Teitelbaum
Assistant United States Attorney
Email: Bruce.Teitelbaum@usdoj.gov

Donovan Cocas
Assistant United States Attorney
Email: Donovan.Cocas@usdoj.gov