IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:09-cr-05 |
| | ) | |
| CHRISTINA MARIE KORBE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION IN LIMINE #2: INSURANCE FRAUD (Doc. No. 317), DEFENDANT'S MOTION IN LIMINE # 12: KORBE FAMILY FINANCES (Doc. No. 327), and GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE (Doc. No. 332) which includes the government's response in opposition to Defendant's Motion in Limine #2 and to Defendant's Motion in Limine #12. The issues have been fully briefed and the motions are ripe for disposition. The Court will address the motions *in seriatim*.

1.    Defendant's Motion in Limine # 2: Insurance Fraud (Doc. No. 317)

Defendant moves to limit the introduction into evidence "or otherwise making reference to, suggesting, eliciting testimony from any witness or otherwise commenting in any nature or fashion on an alleged insurance fraud scheme which Robert Korbe, Ronald Burkarth, and/or others are alleged to have faked a robbery of the Korbe home, causing a false insurance claim to be filed regarding articles claimed to have been stolen but that were in fact secreted in another location during the pendency of the claim." Doc. No. 317. Essentially, Defendant is seeking to limit the introduction of evidence relating to a scheme to defraud an insurance company, a crime for which two other individuals, Ronald Burkarth and Defendant's husband, have entered pleas of guilty before this Court at criminal action number 2:09-cr-56.[1] That fraud generally involved a plan in which Robert Korbe and Ronald Burkarth agreed that Burkarth would take Robert Korbe's custom built motorcycle from the Korbe residence while Robert Korbe, Defendant, and

---

[1] More particularly, the two individuals entered pleas of guilty to Count I of the indictment, a violation of 18 U.S.C. § 1341, which charged the two defendants with mail fraud on or about October 9, 2008.

their children, were on vacation in or around August, 2008, and that in so doing, Burkarth was to make the Korbe residence appear as if it had been burglarized.  Upon returning from vacation with his family, Robert Korbe reported to his insurance company that the motorcycle and other property, including several expensive tools, had been stolen.  Robert Korbe's insurance carrier, Liberty Mutual Group, Inc., subsequently tendered monetary payment for his claims of loss in October, 2008.  For the purpose of a providing a proper chronological context, it should be noted that while the fraud was perpetrated prior to the shooting death of FBI Special Agent Samuel Hicks, it was not discovered by law enforcement, much less investigated or prosecuted, until after the date of the shooting.  For her part, Defendant argues that "[t]here has been no evidence produced that indicates that Christina Korbe was aware of such a scheme before the shooting incident on November 19, 2008."  Doc. No. 317.  Defendant also notes, quite correctly, that she was not charged as a party to the fraud at criminal action number 2:09-cr-56.  *Id.*

In response, the government avers that, at trial, it will present evidence of Defendant's involvement in the insurance fraud scheme with her husband.  Doc. No. 332 at pp. 7 - 8.  More particularly, the government avers that it will be able to show not only that the "burglary" never occurred, which does not appear to be in dispute, but also that Defendant was aware that the burglary never occurred, and that Defendant was aware of the fraudulent scheme prior to November 19, 2008.  *Id.*  The government also notes that Defendant, in her post-arrest interview, referenced this August, 2008 "burglary" as one of the reasons she was fearful and that she believed an unlawful intruder was trying to gain entry to her home on the morning of November 19, 2008 when Special Agent Hicks was shot and killed.  *Id*.

Fed.R.Evid. 404(b) provides in relevant part that: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident...."  The Court of Appeals for the Third Circuit has recognized that Rule 404(b) is a rule of inclusion

rather than exclusion, one that favors the admission of evidence of other crimes, wrongs, or acts if such evidence is "relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime." *See United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003)(quotation omitted).

When deciding whether to admit "other acts" evidence under Fed.R.Evid. 404(b), a court initially must consider two issues: first, whether the evidence is logically relevant under Rules 402 and 404(b) to any issue other than a defendant's propensity to commit the crime charged; and, second whether under Rule 403 the probative value of the evidence outweighs its prejudicial effect. Fed.R.Evid. 402, 403, 404(b); *see also*, *United States v. Himelwright*, 42 F.3d 777, 781 (3d Cir. 1994); *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992). This approach mirrors that of the Supreme Court, which has held that admissibility under Fed.R.Evid. 404(b) requires: (1) a proper evidentiary purpose; (2) relevance under Fed.R.Evid. 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under Fed.R.Evid. 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used. *See Huddleston v. United States*, 485 U.S. 681, 691-92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *see also*, *Cruz*, 326 F.2d at 395. The admission of prior crimes evidence under Rule 404(b) is a matter for the district court's discretion. *Himelwright*, 42 F.3d at 781.

To meet the first requirement and show a proper evidentiary purpose, the government must "clearly articulate how that evidence fits into a chain of logical inferences" without adverting to a mere propensity to commit crime now based on the commission of crime then charged. *United States v. Mastrangelo*, 172 F.3d 288, 295 (3d Cir. 1999)(quotation omitted). The government proffers that it will seek to introduce evidence that Defendant knew the details of this insurance fraud scheme prior to the events on the morning of November 19, 2008, and, more particularly, that Defendant knew that no actual burglary had occurred. The government further contends that despite this purported knowledge, during her post-arrest interview with police Defendant nevertheless invoked the sham August, 2008 burglary as a basis for her fear on

3

November 19, 2008 that unlawful intruders were attempting to gain entry, an explanation Defendant allegedly knew to be false at the time she made it.

As the government notes in its response, the appropriate time for the resolution of a Rule 404(b) admissibility determination is normally at trial. Doc. No. 332; *see also*, *U.S. v. Saada*, 212 F.3d 210, 224 n. 15 (3d Cir. 2000)("Consistent with the language of Rule 404(b), virtually all such issues are raised pretrial, and the evidentiary subtleties are discussed other than before the jury. However, often the full context of Rule 404(b) evidence may not be evaluated until all evidence has been presented, following which the jury must be carefully instructed as to the limited way in which the evidence may be considered.") As such, it requests that the Court reserve ruling on the motion until the time of trial. The Court agrees. To that end, the Court notes two points at this stage. First, the relevance of the introduction of any evidence regarding the insurance fraud scheme for which Ronald Burkarth and Robert Korbe have pled guilty is conditioned upon an evidentiary fact not yet established, namely that Defendant was aware of the fraudulent scheme prior to November 19, 2008. Second, if such an underlying condition is established, the evidence regarding the insurance fraud appears to be logically relevant under Rules 402 and 404(b) to an issue other than Defendant's propensity to commit the crime, more specifically, proof of intent, motive, and absence of mistake or accident. For the time being, however, the Court will defer ruling on Defendant's motion in limine # 2.

2. Defendant's Motion in Limine # 12: Korbe Family Finances (Doc. No. 327)

Defendant moves to limit the introduction into evidence "or otherwise making reference to, suggesting, eliciting testimony from any witness or otherwise commenting in any nature or fashion whatsoever regarding conclusions that two businesses of the Korbe family, Deluxe Car Care and D&J Variety Store, were merely 'fronts' for illegal activity." Doc. No. 327. More particularly, the Defendant "contends that the government should be prohibited from allowing a "lay witness" to testify about matters that are not within their personal knowledge in accordance with FRE 602." Fed.R.Evid. 602 provides in relevant part that "A witness may not testify to a

matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." In response, the government acknowledges that a lay witness's testimony must be predicated upon personal knowledge. Doc. No. 332. Further, the government indicates that it will comply with Rule 602, and that it will not seek to admit any testimony by government lay witnesses regarding the Korbe businesses that is not within the personal knowledge of any witness. *Id.* As such, Defendant's motion in limine # 12 will be dismissed as moot.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:09-cr-05 |
| v. | ) | |
| CHRISTINA MARIE KORBE, | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 12th day of November, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1) DEFENDANT'S MOTION IN LIMINE # 2: INSURANCE FRAUD (Doc. No. 317) is **DEFERRED TO TRIAL**; and,

2) DEFENDANT'S MOTION IN LIMINE # 12: KORBE FAMILY FINANCES (Doc. No. 327) is **DISMISSED AS MOOT PENDING TRIAL**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

Cc: Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic, Esquire
Email: jtmccamic@mspmlaw.com

Troy Rivetti
Assistant United States Attorney
Email: Troy.Rivetti@usdoj.gov

Bruce J. Teitelbaum
Assistant United States Attorney
Email: Bruce.Teitelbaum@usdoj.gov

Donovan Cocas
Assistant United States Attorney
Email: Donovan.Cocas@usdoj.gov