**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA     )
                                       )
                                       )     2: 09-cr-00005
     v.                             )
                                       )
CHRISTINA MARIE KORBE     )

### ORDER OF RESTITUTION, FORFEITURE, AND JUDGMENT

**AND NOW,** this 5th day of October, 2011, after having been advised by counsel for the government and for Defendant, Christina Marie Korbe, that the parties have resolved and agreed upon an appropriate and reasonable amount of restitution which represents the actuarially calculated economic loss suffered as a result of the death of FBI Special Agent Samuel Hicks, said economic loss being comprised of projected lost earnings and benefits, lost retirement income, lost household and family services, and funeral costs, with all future loss amounts reduced to present value,

NOW THEREFORE, it is **ORDERED, ADJUDGED AND DECREED** as follows:

1.     Defendant Christina Marie Korbe shall pay restitution in the amount of $2,837,738.00 to Brooke Hicks as surviving spouse of Samuel Hicks and as parent and natural guardian of Noah Hicks.

2.     All restitution payments shall be made payable to the Clerk, United States District Court for the Western District of Pennsylvania, who in turn will periodically forward said payments to Brooke Hicks.

3.     The restitution is immediately due, payable, and owing as of the date of this Order. However, the Court finds that Defendant, Christina Marie Korbe, does not have the

feasible ability to pay any amount of restitution at this time due to the fact that she is incarcerated, without assets, and has little or no income. Accordingly, restitution payments shall initially be funded through Defendant's participation in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which fifty percent (50%) of the employment prison salary amount earned by Defendant shall be applied to the payment of restitution.

4.       The Court acknowledges that but for the referenced prison salary, Defendant has no income or assets, has no business or occupational skills, and is and will be incarcerated for a substantial period of time. Therefore, the Court finds that Defendant does not have the ability to pay interest on the restitution amount and therefore the payment of interest is waived.

5.       Any remaining balance of restitution that has not been paid in full at the time of Defendant's release from imprisonment shall continue to be paid as a condition of her supervised release and as a continuing legal obligation after said term of supervised release.

6.       Defendant shall pay the remaining balance of restitution through monthly installments of not less than twenty percent (20%) of her gross monthly income from all sources. The first payment shall be due within sixty (60) days of Defendant's release from the custody of the Bureau of Prisons.

7.       If Defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, Defendant is required to apply the value of such resources to any outstanding balance of restitution.

8.       Defendant shall notify the Clerk of Court, the Probation Office, and the  U.S. Attorney's Office of any material change in her economic circumstances that might affect  her ability to pay restitution within thirty (30) days.

9.     Defendant shall, while any balance of restitution is outstanding, report any change of her mailing and/or residence address to the Clerk of Court, the Probation Office, and the United States Attorney's Office within thirty (30) days.

10.     Defendant shall provide the Probation Office and the United States Attorney's Office with access to any requested financial information. Defendant will comply with all such requests until the restitution is paid in full.

11.     Defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office, unless Defendant is in full compliance with the restitution payment schedule.

12.     All provisions of the Court's previous Order of Judgment of January 18, 2011, remain in full force and effect.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     Troy Rivetti,
        Assistant United States Attorney
        Email: Troy.Rivetti@usdoj.gov

        Caroline M. Roberto, Esquire
        Email: croberto@choiceonemail.com

        Jay T. McCamic, Esquire
        McCamic, Sacco, Pizzuti & McCoid, PLLC
        Email: jtmccamic@mspmlaw.com

        Peter Gawlinski,
        U.S. Probation Officer

Clerk, United States District Court
Western District of Pennsylvania

Designation and Sentence Computation Center
Federal Bureau of Prisons
346 Marine Forces Drive
Grand Prairie, TX 75051