

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

———————————

No. 2:09-cr-05-NR-1

———————————

UNITED STATES

v.

CHRISTINA MARIE KORBE,

                        Defendant.

———————————

## MEMORANDUM OPINION

———————————

**J. Nicholas Ranjan, United States District Judge**

    Defendant Christina Marie Korbe presently moves the Court for immediate compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons discussed below, the Court denies Ms. Korbe's motion.

**I**

    In January 2011, Ms. Korbe pled guilty to one count of voluntary manslaughter of a federal officer and one count of a firearm-related offense, both of which arose from Ms. Korbe shooting and killing FBI Special Agent Samuel Hicks. [ECF 368]. Ms. Korbe was subsequently sentenced to a term of 190-months imprisonment, to be followed by three years of supervised release. [ECF 371]. The imposed imprisonment term was consistent with the stipulated Rule 11(c)(1)(C) agreement between Ms. Korbe and the government. [ECF 372, 19:2-20:5].

Ms. Korbe is projected to be released from prison (FCI-Danbury) in May 2022. With 1.5 years remaining on her prison term, Ms. Korbe now moves the Court for immediate compassionate release.

## II

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may—upon consideration of a compassionate-release motion—"reduce" a term of imprisonment if it finds that (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) consideration of the ordinary sentencing factors under 18 U.S.C. § 3553(a) favors reduction. A defendant may file a compassionate-release motion on her own behalf in federal court, but must first "ask the [BOP] to [file a compassionate-release motion] on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)); *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020).[1]

## III

On April 13, 2020, Ms. Korbe requested the Warden of FCI Danbury to submit a compassionate-release motion on her behalf. [ECF 462, p. 8]. In her request, Ms. Korbe stated that her early release was warranted because she had already served 11.5 years in prison, she has two children, her mother is elderly and has medical issues, and her father-in-law—her children's caretaker—is also elderly. [*Id.*] The Warden denied Ms. Korbe's request on April 30, 2020. [ECF 467-2]. Because 30 days have passed since the Warden received Ms. Korbe's request, the Court

---

[1] Specifically, 18 U.S.C. § 3582(c)(1)(A) permits a prisoner to bring a compassionate-release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

concludes that Ms. Korbe's motion is properly before it. *See* 18 U.S.C. § 3582(c)(1)(A); *Harris*, 973 F.3d at 171.

As she referenced in her April 13 email to the Warden, Ms. Korbe presently asserts that her family circumstances comprise "extraordinary and compelling" reasons that warrant her early release. *E.g.*, [ECF 462, pp. 3-4 ("During the past decade-plus of imprisonment, Ms. Korbe has made the best use of her time that she could, despite difficult family events she could do nothing about: Her mother suffered three strokes. She lost her father to bladder cancer. Her son—who, along with her daughter, is being raised by her father-in-law who is presently 75 years old—has required 16 throat surgeries from the age of eight.")].

For Ms. Korbe to meet her burden, she must show, "at a minimum, . . . a justification for release that is both ***unusual*** (*i.e.*, unique to the inmate, and beyond the ordinary hardship of prison) and ***significant*** (*i.e.*, serious enough to make release appropriate)." *See, e.g.*, *United States v. Somerville*, — F. Supp. 3d —, 2020 WL 2781585, at *7 (W.D. Pa. May 29, 2020) (Ranjan, J.). Ms. Korbe fails to meet this, or any other, test—and ultimately, she fails to show extraordinary and compelling reasons justifying release.

In arguing that her family circumstances comprise extraordinary and compelling reasons, Ms. Korbe asserts that she can help care for her elderly mother, and help her elderly father-in-law care for her children. *E.g.*, [ECF 462, pp. 8, 10]. But Ms. Korbe's daughter is age 22, and her son is 16. [ECF 473-1]. Ms. Korbe's daughter is thus an adult, and Ms. Korbe fails to show that her daughter is unable to care for herself. Similarly, Ms. Korbe does not show that her release is necessary to ensure adequate care for her son. Ms. Korbe's son, while not legally an adult, has the same caretaker he has had for the past decade, and also has an adult sister who may assist if necessary. The same applies for Ms. Korbe's mother—Ms. Korbe has failed to show that her mother will not receive adequate care without Ms. Korbe's immediate release.

At bottom, assuming for the present purpose that a defendant's family circumstances can trigger

compassionate release, Ms. Korbe points to no such circumstances that would comprise extraordinary and compelling reasons here. While the Court empathizes with the ailments Ms. Korbe's parents and children have experienced, many inmates have children and elderly parents suffering from a variety of ailments. And, of course, every prisoner who has children has someone else caring for their children during their incarceration.

Ms. Korbe therefore has not shown that her family circumstances comprise extraordinary and compelling reasons. *See, e.g.*, *United States v. Mekaeil*, No. 16-10016-02, 2020 WL 6318693, at *2 (D. Kan. Oct. 28, 2020) (finding no extraordinary and compelling reasons, though Defendant's mother was undergoing chemotherapy, because Defendant failed to show that there were no other possible caregivers); *United States v. Nunez*, No. 2:13-cr-15, 2020 WL 5203429, at *2-3 (E.D. Cal. Sept. 1, 2020) (finding no extraordinary and compelling reasons when the "record is insufficient for the court to conclude that no family member is willing and able to care for defendant's child for the remaining year and a half of his sentence"); *United States v. D'Ambrosio*, No. 1:15-cr-3, 2020 WL 4260761, at *4 (M.D. Pa. July 24, 2020) (finding no extraordinary and compelling reasons and opining, "we have little doubt that additional assistance with [Defendant's son's] care would be helpful and welcomed by his mother. But nothing in [Defendant's] motions indicates that [his 13-year-old son] is unable to care for himself or that assistance from other family members is unavailable"); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Additionally, Ms. Korbe also argues that she should be released because she previously contracted, and recovered from, COVID-19 in April 2020 (about six months ago). The government disputes that Ms. Korbe contracted COVID-19, pointing to the absence of any such medical evidence or diagnosis. But even crediting Ms. Korbe's assertion, Ms. Korbe fails to show extraordinary and compelling reasons justifying her early release.

By her own admission, Ms. Korbe recovered from COVID-19 in "late April [2020]." [ECF 462, p. 8]. And Ms. Korbe does not otherwise show she has any underlying medical conditions that place her at a uniquely high risk of illness or death; nor does she show any personal, specific and heightened risk of exposure to COVID-19. From a review of Ms. Korbe's medical records that were submitted with her motion, the Court discerns nothing to suggest she is high risk. *See Somerville*, 2020 WL 2781585, at *8 ("[A] prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held.").

Rather, Ms. Korbe appears to rely on her previous COVID-19 infection, and a generalized risk of exposure to COVID-19 at FCI Danbury. But as many courts, including the Third Circuit, have previously concluded, this is insufficient to show extraordinary and compelling reasons. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Brooks*, No. 7-cr-20047, 2020 WL 2509107, at *5 (C.D. Ill. May 15, 2020) ("[T]he mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release."); *United States v. Hilts*, No. 11-cr-133, 2020 WL 4450373, at *2 (W.D. Pa. Aug. 3, 2020) (Ambrose, J.) (finding no extraordinary and compelling reasons in part because "Defendant already tested positive for COVID-19 . . . and has recovered. There is no indication that he suffered from complications of any kind. Consequently, any risk to the Defendant that COVID-19 poses is, therefore, minimized"); *United States v. Patton*, No. 19-cr-8, Doc. No. 2293, Memorandum Order, at 2 (W.D. Pa. Aug. 21, 2020) (Ranjan, J.) ("It would be entirely speculative to presume that [Defendant's] prior COVID-19 diagnosis would place him at a higher risk of contracting the virus again.").

Thus, as with her family circumstances, Ms. Korbe has failed to show extraordinary and compelling reasons

that warrant early release due to any particularized risks associated with COVID-19.[2]

## IV

Ms. Korbe has spent a significant period of time in prison, which has placed a burden on her family. While the Court empathizes with Ms. Korbe and her family, empathy doesn't always translate into compassionate release. The circumstances presented here simply do not rise to the standard that Congress has authorized for early release. For the reasons discussed above, Ms. Korbe's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

An appropriate order follows.

---

[2] Because Ms. Korbe does not show the requisite extraordinary and compelling reasons here, and the Court therefore is not "reduc[ing] the term of imprisonment," the Court need not address the section 3553(a) considerations. *See* 18 U.S.C. § 3582(c)(1)(A). But even if Ms. Korbe showed extraordinary and compelling reasons here, Ms. Korbe fails to show that the 3553(a) considerations weigh in favor of early release. Ms. Korbe's crime was serious—shooting and killing an FBI special agent. The sentence imposed, which Ms. Korbe previously agreed was appropriate, fell within the middle of the guidelines range. [ECF 372, 19:2-20:5]. The Court finds that her current sentence is appropriate and just, and that reducing her sentence by 1.5 years would not provide adequate deterrence to the crime, would not reflect the seriousness of the crime, would not provide just punishment for the crime, and would risk creating sentencing disparities among similar crimes. Accordingly, even if Ms. Korbe showed extraordinary and compelling reasons, the section 3553(a) considerations require the denial of Ms. Korbe's motion.

DATED this 30th day of October, 2020.

                                      BY THE COURT:

                                      */s/ J. Nicholas Ranjan*
                                      United States District Judge